JIMMY TORRES CRUZ ET AL., demandantes y recurrentes, *v.* MUNICIPIO DE SAN JUAN, C. R. BARD, INC., AETNA CASUALTY INSURANCE COMPANY, DESERET PHARMACEUTICAL CO., INC., Y OTROS, demandados y recurridos.

*Número:* R-74-251 *Resuelto:* 9 de enero de 1975

*Plinio Pérez Marrero,* abogado de los recurrentes; *Rieckehoff, Calderón, Rosa Silva & Vargas,* abogados de los recurridos.

EL JUEZ PRESIDENTE SEÑOR TRÍAS MONGE emitió la opinión del Tribunal.

Esta controversia encierra interesantes cuestiones referentes a la ley del caso y a las circunstancias y el modo en

que un demandante puede responsabilizar a terceros demandados.

El 18 de octubre de 1968 se radicó demanda por negligencia contra el municipio de San Juan. Se alegaba en ella que varios días después del 23 de abril de dicho año se le administró un suero a la codemandante, partiéndose la aguja utilizada y permaneciendo en la vena una partícula de plástico. La partícula avanzó por el sistema sanguíneo hasta alojarse en el corazón, de donde tuvo que extraerse más tarde mediante intervención quirúrgica de pecho abierto.

El municipio contestó la demanda, alegando que el suceso se debió a un acto fortuito o a la negligencia del manufacturero de la aguja. El 13 de enero de 1969 el municipio radicó consecuentemente demanda contra C. R. Bard, Inc. ("Bard"), la supuesta fabricante, y contra la aseguradora de ésta, Aetna Casualty Insurance Company ("Aetna").

El 1 de mayo de 1969 la parte demandante radicó un escrito que tituló "Demanda Contra Terceros Demandados", imputándoles los daños sufridos a Bard y Aetna. Aetna solicitó la desestimación del mismo a base de varias alegaciones, entre ellas la prescripción de la acción y la improcedencia de una demanda contra tercero cuando se alega que éste le es responsable a los demandantes originales. El tribunal de instancia declaró con lugar el 15 de mayo de 1969, sin especificar fundamentos, la moción de desestimación y ordenó la notificación de su resolución, pero no su registro.

El 3 de julio de 1969 Aetna y Bard demandaron dentro del pleito a Deseret Pharmaceutical Company ("Deseret"), alegando que Deseret era la verdadera manufacturera de la aguja. El 6 de octubre de 1970, luego de unirse otros abogados a la representación legal de la parte demandante, se radicó con el permiso del tribunal demanda enmendada contra el municipio, Aetna, Bard, Deseret y otras personas innominadas que pudiesen ser responsables de lo ocurrido. Deseret soli-

citó sin éxito la desestimación de la demanda enmendada a base de las defensas de prescripción e incuria.

Bard y Aetna, no obstante, requirieron también en alegación aparte, la desestimación de la demanda enmendada, a base de la prescripción de la misma. Otro distinguido Juez Superior dictó esta vez sentencia parcial por las alegaciones a favor de Bard y Aetna. En su resolución expresó que la doctrina de la ley del caso no le permitía llegar a un resultado distinto al expuesto en la resolución de 15 de mayo de 1969 emitida por el primer juez. Se acude ante nos en solicitud de revisión de dicha sentencia parcial.

Examinemos la situación al 1 de mayo de 1969, cuando se radica el escrito de "Demanda Contra Terceros Demandados", desestimado por el primer juez. La antepenúltima oración de la Regla 12.1 de las de Procedimiento Civil dispone que "El demandante podrá deducir cualquier reclamación contra el tercero demandado que surja de la transacción o evento que motive su reclamación original en el pleito. . . ." Esta facultad puede ejercerse por vía de enmienda a la demanda original o por entablamiento de nueva causa, sujeto a las normas que rigen ambos procedimientos. 3 Moore, *Federal Practice* 14-376. Aún más, el demandante puede abstenerse de hacer formalmente lo uno y lo otro y aún así prevalecer contra un tercero demandado si de la prueba surge dentro de determinadas circunstancias que éste le es responsable a aquél. *Parrilla García* v. *Fuentes Fluviales,* 92 D.P.R. 168, 176–177 (1965) ; *Vda. de Rivera* v. *Pueblo Supermarkets,* opinión en reconsideración, 102 D.P.R. 134 (1974) (Dávila).

La citada "Demanda Contra Terceros Demandados" debió en justicia considerarse como lo que era en su esencia, una solicitud de enmienda a la demanda, provocada a todas luces por la incorporación al pleito, vía la acción del municipio, de Bard y Aetna. Es natural también adscribirle a la parte demandante la intención de reducir a su expresión mínima los problemas de prescripción del litigio. La forma de designar las

alegaciones no es determinante, por supuesto, de su naturaleza. Lo vital es determinar su función dentro del objetivo fundamental de las Reglas, que es la simplificación de los procedimientos para efectuar justicia entre las partes, para abrirles caminos a las partes y propiciar las soluciones justas y no para sembrar el campo de explosivos.

Procede, por tanto, determinar si debía concederse el permiso de enmienda en las circunstancias presentes y, de ser ello así, su efecto. La Regla 13.1 de las de Procedimiento Civil dispone, en parte, que "el permiso se concederá liberalmente cuando la justicia así lo requiera." Se deniega usualmente el permiso, no obstante, cuando su concesión entraña perjuicio indebido a la parte concernida o cuando la petición se intenta enmendar en momento irrazonablemente tardío. 3 Moore, *Federal Practice* 897 *et seq.*

En el caso de autos el municipio radicó su demanda contra Bard y Aetna unos meses antes de cumplirse el año del accidente que motivó el litigio. Bard y Aetna no estaban en posición diferente a la que hubieran sufrido de demandárseles originalmente. ([1]) Pudo haberse concedido el permiso de enmienda en esta etapa, como en efecto se otorgó mucho más tarde, incorporándose en esta segunda ocasión a la demanda como demandada también a Deseret, la cual no ha recurrido ante nos. De hecho, los recurridos no han argumentado ante nos que el referido permiso se concedió indebidamente. Lo que aducen fundamentalmente es la defensa de prescripción.

Veamos, sin embargo, si el efecto del segundo permiso concedido o del primero que se debió conceder fue o no la retroactividad de la enmienda. La Regla 13.3 de las de Procedimiento Civil dispone que "Siempre que la reclamación o defensa expuesta en la alegación enmendada surgiere de la conducta, transacción o evento expuesto en la alegación origi-

---

([1]) El ofrecimiento tardío de la enmienda, lo cual no ocurrió aquí, no es suficiente de por sí para justificar la denegación del permiso, si no se le ha causado perjuicio a la otra parte. 3 Moore, *Federal Practice* 901.

nal, las enmiendas se retrotraerán a la fecha de la alegación original." La reclamación de los demandantes contra Bard y Aetna surgió del mismo evento expuesto en la alegación original. Se aplica por tanto la Regla 13.3 y la enmienda se retrotrae a la fecha de la demanda, bien en el caso del primero o el segundo permiso. Donde surge el elemento de discreción es bajo la Regla 13.1, al resolver el tribunal de instancia si debe o no admitir la enmienda. Ver *Vda. de Rivera* v. *Pueblo Supermarkets*, supra. En el presente caso la tercera demandada Aetna Casualty Insurance Company, en su moción para desestimar la demanda contra tercero presentada por los cónyuges demandantes, limita su defensa de prescripción a aseverar vagamente que la reclamación "está prescrita o ha caducado", sin señalar las fechas que pudiesen poner al tribunal en condiciones adecuadas de resolver la cuestión. Al momento de decidirse la moción, además, no había ninguna evidencia sometida al tribunal que pudiese tomarse en consideración. La contestación del 23 de julio de 1969 a los interrogatorios efectuados por Aetna no sólo fue notificada en fecha posterior a la resolución, sino que tampoco podía ni puede considerarse por el tribunal a quo, ya que no se presentó en evidencia. *Ramos* v. *Aut. Fuentes Fluviales*, 86 D.P.R. 603 (1962). Véase, además, el Art. 108 de la Ley de Evidencia, 32 L.P.R.A. sec. 1971.

■ La resolución invocada para la aplicación de la doctrina de la ley del caso era consecuentemente errónea por lo que, bajo normas establecidas, el segundo juez envuelto en el litigio no estaba obligado por ella. *Don Quixote Hotel* v. *Tribunal Superior*, 100 D.P.R. 19, 30 (1971) (Rigau).

Conviene, sin embargo, por la generalización de su uso y su impacto en este caso específico, que nos expresemos con mayor detalle sobre la aplicación y el alcance de esta doctrina en Puerto Rico.

La doctrina de la ley del caso, así como su familiar cercano, la teoría de *stare decisis*, constituyen rasgos caracterís-

ticos del derecho común anglosajón, pero no del derecho civil. Se ha aludido en especial al tratamiento de los precedentes como distintivo por excelencia entre estos dos sistemas jurídicos. Goodhart, *Precedent in English and Continental Law*, 50 L.Q. Rev. 40 (1934) ; Small, *Stare Decisis on Two Continents; a Saga of Gain and Loss*, 18 Rocky Mt. L. Rev. 97 (1946) ; Puig Peña, *Tratado de Derecho Civil Español*, t. 1, vol. 1, 1957, pág. 350 *et seq.;* Castán, *Derecho Civil Español, Común y Foral*, 10ª ed. 1962, t. 1, vol. 1, pág. 376 *et seq.* Del otro lado, esta diferencia teórica no ha impedido una tendencia hacia la convergencia práctica de los dos sistemas sobre el particular si bien persisten disimilitudes. Pound, *The Theory of Judicial Decision*, 36 Harv. L. Rev. 641 (1923) ; Ripert et Boulanger, *Traité de Droit Civil*, 1956, vol. 1, pág. 102 *et seq.*

 En Puerto Rico no existe fundamento válido para la aplicación al modo angloamericano de la ley del caso o de la doctrina de *stare decisis et non quieta movere.* Puig Peña, *op. cit.*, pág. 360. Rige aquí esta materia, por supuesto, el Código Civil. Ello no quiere decir que, a fines de velar por el trámite ordenado y pronto de los litigios, así como por la estabilidad y certeza del derecho, un tribunal de instancia no deba resistirse a alterar sus pronunciamientos dentro de un mismo caso excepto cuando se convenza de que los mismos son erróneos. Esto es cuestión de sana práctica, sin embargo, y no regla inviolable. Aun en el derecho común, la doctrina de la ley del caso no debe confundirse con la de *res judicata.* 1B Moore, *Federal Practice* 404 *et seq.; Messenger* v. *Anderson*, 225 U.S. 436 (1912) (Holmes). También es regla del derecho común que un segundo juez no está irremisiblemente obligado a mantener incólume la decisión de un primer juez de igual nivel dentro del mismo caso. 1B Moore, *Federal Practice* 451 *et seq.;* Moore y Oglebay, *The Supreme Court, Stare Decisis and Law of the Case*, 21 Texas L. Rev. 514, 541 (1943).

*Se revocará la sentencia recurrida y se devolverá el caso al tribunal de instancia para la continuación de los procedimientos.*

El Juez Asociado, Señor Armindo Cadilla Ginorio, disiente por los fundamentos que expuso en su opinión disidente en el caso de *Vda. de Rivera* v. *Pueblo Supermarkets*, 102 D.P.R. 134 (1974).