# 97 DTA 121

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL II-BAYAMON
PANEL I**

DEOGRACIA GUZMAN VAZQUEZ Y OTROS
Demandantes-Apelados

v.

DOMINGO GUZMAN VAZQUEZ, JULIA CASTRO Y LA SOCIEDAD
LEGAL DE GANANCIALES COMPUESTA POR AMBOS
Demandados-Apelantes

Núm. KLAN-95-00853

San Juan, Puerto Rico, a 19 de mayo de 1997

Panel integrado por su Presidenta, la Jueza Ramos Buonomo
y los Jueces Ortiz Carrión y Cordero

Cordero, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Se nos solicita la revisión de una sentencia dictada por el Tribunal de Primera Instancia, Sala Superior de Bayamón, en la cual se declaró con lugar una moción sobre sentencia sumaria a favor de los demandantes-apelados de epígrafe.

### I

El 29 de enero de 1992, los apelados de epígrafe, varios miembros de la Sucesión Guzmán Vázquez (en adelante *"la Sucesión"* o los apelados) radicaron ante el Tribunal de Primera Instancia una demanda sobre acción civil declarativa, reivindicatoria y partición de herencia contra otro de los miembros de dicha sucesión, Domingo Guzmán Vázquez (en adelante *"Guzmán"*), su esposa Julia Castro y la sociedad legal de gananciales compuesta por ambos. La Sucesión alega que Guzmán, en menosprecio de los derechos hereditarios de sus hermanos, logró que la Corporación para el Desarrollo Rural del Departamento de Agricultura (en adelante *"la Corporación"*) traspasara a su nombre y al de su esposa una finca propiedad de la madre de los hermanos Guzmán Vázquez, Antonia Vázquez (en adelante *"Doña Antonia"*). Solicitaron en su demanda que se declarara nulo el contrato mediante el cual los apelantes obtuvieron el dominio de la finca en controversia y se ordenara al Registrador de la Propiedad de la Sección II de Bayamón a inscribir el dominio sobre la finca a nombre de Doña Antonia. Los apelantes, por su parte, alegan que estas imputaciones son falsas; que de haber causa de acción para la Sucesión, la misma está prescrita; que el documento en el cual se le otorga el dominio de propiedad a Doña Antonia carece de eficacia legal y es un documento dudoso; y; que falta parte indispensable en el pleito, la Corporación.

El 24 de diciembre de 1993, la Sucesión presentó una moción de sentencia sumaria ante el Tribunal de Primera Instancia y, oportunamente, los apelantes presentaron su oposición a la misma.

El 25 de enero de 1994 se celebró vista ante el Tribunal de Primera Instancia para discutir la moción de sentencia sumaria presentada por la Sucesión. El foro *a quo* declaró sin lugar la referida moción. De acuerdo con la minuta transcrita de ese día, el tribunal apelado resolvió:

*"Examinado el expediente de este caso y los expedientes sometidos por la Corporación para el Desarrollo Rural, el Tribunal entiende que en este caso existe una cuestión de hechos que son indispensables para la solución del mismo, por lo que no se puede resolver mediante Moción de Sentencia Sumaria. Se declara SIN LUGAR la Moción de Sentencia Sumaria."*

Posteriormente, las partes sometieron al Tribunal de Primera Instancia el informe sobre conferencia preliminar entre abogados con fecha de 6 de septiembre de 1994. Así las cosas y luego de varios incidentes procesales, el 30 de junio de 1995 el tribunal apelado, mediante sentencia, declaró con lugar la moción de sentencia sumaria presentada por la Sucesión. Como parte de su sentencia, el foro de instancia declaró por probados los siguientes hechos:

"El 17 de marzo de 1949, la Corporación para el Desarrollo Rural de Puerto Rico suscribe contrato de usufructo sobre la finca número 15 del Barrio Breñas de Toa Alta con Don Pedro Guzmán, padre de los hermanos Guzmán Vázquez. Para este tiempo, Don Pedro vivía con su esposa Doña Antonia Vázquez Rivera (madre de los demandantes y del co-demandado Domingo) y con sus hijos Eduardo, Domingo y Nicolasa, todos de apellidos Guzmán Vázquez.

El 24 de abril de 1963, fallece Don Pedro Guzmán y le sobrevive su esposa Antonia y todos sus hijos. El 18 de mayo de 1964 Doña Antonia suscribe contrato de usufructo de la finca número 15 con la Corporación para el Desarrollo Rural. Los efectos de este contrato se retrotraen al día 1ro. de julio de 1963. El valor total del contrato de usufructo es de $378,54[sic][$378.54], quedando un balance en ese momento de $156.98. En virtud de este contrato las partes acordaron que los pagos anuales serían de $15.28.

Posteriormente, Ramón Ramírez Román, Director de Fincas Individuales, le envió un comunicado a Doña Antonia ofreciéndole la compra de la finca número 15 del Barrio Breñas de Toa Alta, la cual disfrutaba como usufructuaria. El 4 de agosto de 1970, Doña Antonia Vázquez Rivera presentó en la Corporación una "Solicitud de Compra de Finca Individual" para la finca número 15.

El 2 de diciembre de 1980, Hermán Valentín Esteves, Director Ejecutivo de la Corporación para el Desarrollo Rural de Puerto Rico, otorgó una Certificación mediante la cual vende, cede y traspasa por el precio de $378.54 a Doña Antonia la finca número 15 del Barrio Breñas de Toa Alta.

Doña Antonia presentó ante la Corporación, el 14 de marzo de 1983, una "Solicitud de Renuncia de Fincas Familiares" indicando que, por tener 90 años de edad no podía continuar desarrollando la finca y que deseaba traspasar los derechos de la misma a su hijo Domingo Guzmán Vázquez. Para esta misma fecha, el Sr. René A. Picó Irizarry, Director Ejecutivo de la Corporación para el Desarrollo Rural de Puerto Rico, recomendó el traspaso de los derechos de usufructo que Doña Antonia obtuvo mediante el contrato del 17 de marzo de 1949 habiéndosele otorgado posteriormente el contrato de usufructo de la finca número 15 a favor de Domingo Guzmán Vázquez y su esposa Julia Castro Vélez.

El 20 de marzo de 1984, la Corporación para el Desarrollo Rural de Puerto Rico otorgó una Certificación de Título de la parcela número 15 por la suma de $378.54 a favor de Don Domingo Guzmán Vázquez y Doña Julia Castro. La finca objeto de este pleito se encuentra inscrita en el Registro de la Propiedad a nombre de los demandados desde 1984.

El 17 de febrero de 1990 fallece Providencia Guzmán Vázquez, hija de Doña Antonia Vázquez, y según la declaratoria de herederos emitida el 10 de agosto de 1992 por el Hon. José E. Loubriel, Juez del Tribunal de Distrito, Sala de Vega Baja, sus únicos y universales herederos son María Esther, Pedro, Martín, Roberto y Antonia todos de apellidos Díaz Guzmán, y en la cuota viudal usufructuaria su viudo Martín Díaz.

Según las alegaciones de las partes, Doña Antonia ya había fallecido al momento de radicarse la demanda ante nuestra consideración; sin embargo, no se ofrece prueba de cuando [sic] fue el fallecimiento de ésta, ni de quiénes son sus universales herederos."

El Tribunal de Primera Instancia concluyó entre otras cosas, que el contrato que le da la titularidad de la finca número 15 a Doña Antonia y que fue suscrito por ésta y la Corporación es uno perfectamente válido; que el contrato del 20 de marzo de 1984 mediante el cual la Corporación le vende a los apelantes la finca número 15 es nulo, ya que la Corporación no era el titular de dicha finca, sino Doña Antonia; que la renuncia al usufructo de la finca número 15 hecha por Doña Antonia en favor de su hijo Guzmán no tuvo ningún efecto porque ella no era usufructuaria, sino titular; y que por consiguiente, el contrato de usufructo también carece de validez.

No conforme, los apelantes presentaron recurso de apelación imputándole al foro *a quo* la comisión de los siguientes errores:

"A. Erró el Tribunal de Primera Instancia al emitir sua sponte una sentencia sumaria sin haberse

*percatado que anteriormente había emitido resolución denegatoria de la misma moción de sentencia sumaria, que se basaba precisamente en los mismos fundamentos; sin que ninguna de las partes lo hubiera solicitado; sin que las partes fueran advertidas de la intención del tribunal de así resolver el caso; y sin haberles dado la oportunidad para presentar evidencia en apoyo de sus respectivas posiciones.*

*B. Erró el Tribunal de Primera Instancia cuando resuelve sumariamente este caso al no cerciorarse de la total inexistencia de controversias de hechos o de la existencia de una legítima disputa de hechos esenciales, despojando de esa manera a los Demandados-Apelantes de "su día en corte", principio elemental del debido proceso de Ley.*

*C. Erró el Tribunal de Primera Instancia al declarar probado para efectos de una sentencia sumaria, con el examen de las alegaciones y la revisión del expediente que tiene la Corporación sobre la Parcela 15 cuando precisamente surge de éstos todo lo contrario, que efectivamente Antonia Vázquez presentó una "Solicitud de Compra de Finca Individual"; que la Certificación a favor de Antonia Vázquez del 2 de diciembre de 1980 era perfectamente válida porque cumple con los requisitos del Código Civil de consentimiento, objeto y causa; y que se puede interpretar la intención de la Corporación y de Antonia Vázquez de vender y comprar, por lo que dicha Certificación le da a Doña Antonia la titularidad plena de la Parcela 15; y, como consecuencia, los titulares de la parcela, al fallecer Antonia Vázquez, lo son su sucesión y la de Providencia Guzmán Vázquez, por lo que procedía ordenar al Registrador de la Propiedad la cancelación de la inscripción actual e inscribir como titulares a la sucesión, y ordenar la división por partes iguales entre los hermanos previa autorización de ARPE.*

*D. Erró el Tribunal de Primera Instancia al concluir para efectos de una sentencia sumaria que la Certificación de Título del 20 de marzo de 1984 mediante la cual la Corporación le vende la Parcela 15 a los Demandados-Apelantes, es nula porque la Corporación no era titular de la parcela, sino Antonia Vázquez.*

*E. Erró el Tribunal de Primera Instancia al concluir para efectos de una sentencia sumaria, que la renuncia al usufructo de la Parcela 15 hecha por Antonia Vázquez en marzo de 1983 a favor de su hijo Domingo (Demandado-Apelante) no tuvo efecto alguno porque ella no era usufructuaria, sino titular; como consecuencia, esto convertía al contrato de usufructo entre la Corporación y los Demandados-Apelantes en uno carente de validez; que de igual manera, no pudo haber ocurrido el traspaso de título de la Parcela 15 a favor de éstos por no formar parte del patrimonio de la Corporación, lo que convertía en nulo el contrato que les da título por carecer de causa.*

*F. Erró el Tribunal de Primera Instancia al resolver para efectos de este caso y por sentencia sumaria que los Demandados-apelantes no sostienen en qué se basan para alegar prescripción y que las acciones reales sobre bienes inmuebles prescriben a los 30 años."*

## II

Consideramos, en primer lugar, si la negativa del foro de instancia del 25 de enero de 1994, relativa a la moción de sentencia sumaria presentada por los apelados, impedía que el Tribunal de Primera Instancia modificara su resolución interlocutoria de dicha fecha, acogiendo posteriormente la moción de sentencia sumaria.

Las resoluciones interlocutorias no pueden devenir firmes mientras el caso no finalice y contra ellas no corre ningún término jurisdiccional. J. Cuevas Segarra, *Práctica Procesal Puertorriqueña - Procedimiento Civil,* Vol. II, pág. 260, **Publicaciones J.T.S.,** 1979. Por ende, el tribunal retiene facultad en todo momento para corregir una resolución interlocutoria, si es errónea. *Id.*

En *Torres Cruz v. Municipio de San Juan,* 103 D.P.R. 217, 222 (1975), el Tribunal Supremo resolvió que una resolución interlocutoria puede ser modificada e incluso dejada sin efecto, en cualquier momento, por cualquier otro juez de la misma categoría que esté actuando en el caso y la considere errónea. A pesar de que el Tribunal de Primera Instancia debe realizar el esfuerzo máximo posible para evitar la emisión de dictámenes contradictorios e inconsistentes, no existe, en principio, impedimento jurídico absoluto que prive al referido tribunal de reconsiderar una resolución

interlocutoria. *Sociedad Legal de Gananciales v. Pauneto Rivera,* ___ D.P.R. ___ (1992), **92 J.T.S. 78,** pág. 9596.

No son válidas las alegaciones de los apelantes en cuanto a que ninguna de las partes hubiera solicitado la sentencia sumaria; que las partes no fueran advertidas de la intención del tribunal de así resolver el caso, y de que no se les dio la oportunidad para presentar evidencia en apoyo de sus respectivas posiciones. Ya la Sucesión había presentado la moción de sentencia sumaria y los apelantes presentaron su oposición a la misma. El foro apelado, teniendo facultad para así hacerlo, sólo reconsideró posteriormente su resolución interlocutoria del 25 de enero de 1994 denegando la moción de sentencia sumaria.

## III
Examinamos, en consecuencia, el señalamiento de si la resolución del Tribunal de Primera Instancia, acogiendo favorablemente la moción de sentencia sumaria presentada por la Sucesión, fue o no correcta en derecho. En el presente recurso, los errores señalados se dirigen en síntesis a impugnar la conclusión del Tribunal de Primera Instancia sobre la inexistencia de hechos en controversias.

La sentencia sumaria tiene como propósito aligerar la tramitación de un caso permitiendo que se dicte sentencia sin necesidad de que se tenga que celebrar la vista en los méritos cuando de los documentos no controvertidos que se acompañan con la solicitud surge que no existe una legítima disputa de hecho a ser dirimida, restando sólo aplicar el derecho. *Corp. Presiding Bishop CJC of LDS v. Purcell,* 117 D.P.R. 714, 720 (1986). Sin embargo, aunque la moción de sentencia va dirigida a promover la adjudicación rápida y la economía procesal, el objetivo fundamental sigue siendo obtener una solución justa. *Cuadrado Lugo v. Santiago Rodríguez,* ___ D.P.R. ___ (1990), **90 J.T.S. 59,** pág. 7702. La sentencia sumaria es un remedio extraordinario que sólo debe ser concedido cuando el promovente ha establecido su derecho con claridad y ha quedado demostrado que la otra parte no tiene derecho a recobrar bajo cualquier circunstancia que resulte discernible de la alegaciones que no hayan sido refutadas por la evidencia presentada con la moción. *Corp. Presiding Bishop CJC of LDS v. Purcell, supra.* Una sentencia sumaria es un remedio extremo que debe concederse sólo cuando la verdad es clara. *Roth v. Lugo,* 87 D.P.R. 386, 397 (1963).

Es principio reconocido que sobre la parte que solicita la sentencia sumaria es que recae el peso de establecer la inexistencia de una controversia real, genuina y sustancial en cuanto a ningún hecho material y que a la luz del derecho sustantivo aplicable procede se dicte sentencia a su favor como cuestión de ley. *Pilot Life Insurance Company v. Crespo Martínez,* ___ D.P.R. ___ (1994), **94 J.T.S. 104,** pág. 20. Los hechos aportados por la parte contra quien se solicita la sentencia deben tomarse por ciertos, y todas las inferencias a derivarse de la prueba deben ser favorables a esa parte. *Roth v. Lugo, supra,* pág. 398. Cuando exista duda sobre la existencia de una controversia ésta debe resolverse contra la parte que solicita la sentencia sumaria. *Corp. Presiding Bishop CJC of LDS v. Purcell, supra.*

No debe dictarse sumariamente una sentencia a menos que el tribunal tenga ante sí toda la verdad de los hechos esenciales como si los hubiere hallado probados después de dirimirlos en un juicio, y sólo le reste aplicar la norma de derecho indicada. *García Lopez v. Méndez García,* 88 D.P.R. 363, 379 (1963). El tribunal sólo debe dictar sentencia sumaria cuando lo estime necesario. Regla 36.4 de las Reglas de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 36.4.

## IV
Luego de exponer el trasfondo doctrinal aplicable pasemos a analizar la corrección de la decisión del tribunal de instancia al declarar sin lugar la moción de sentencia sumaria presentada por los apelados.

Los apelantes en su oposición a la moción de sentencia sumaria cuestionaron la validez y legitimidad de los dos documentos centrales en el presente pleito: la *"Solicitud de Compra de Finca Individual"* con fecha del 4 de agosto de 1974 y la *"CERTIFICACION"* de fecha de 2 de diciembre de 1980. Adujeron los apelantes que dichos documentos carecen del consentimiento de la compradora, Doña Antonia, además de sufrir de otros defectos; que la Corporación es parte indispensable en el pleito; y que Doña Antonia no cumplía con los requisitos de la ley que el Título VI de la Ley de Tierras exige.

Los apelantes nos indican en su escrito de apelación, que mediante el documento titulado *"Solicitud de Compra de Finca Individual",* Doña Antonia solicita comprar la parcela 15. Alegan los apelantes que este documento *"es particularmente sospechoso porque el mismo aparece firmado por Antonia Vázquez, quien todos conocían que no sabía firmar, inclusive la Corporación, y quien efectivamente no firmó el documento, habiéndolo hecho otra persona que no se identifica, cuya representación no se consigna, en representación falsa de firma de Antonia Vázquez."*

En cuanto el segundo documento que cuestionan los apelantes titulado *"CERTIFICACION",* su original y copias se encontraban en la Corporación. Mediante este último documento, la Corporación segrega y le vende a Doña Antonia una parcela de terreno identificada como la número 15. Alegan los apelantes que dicho documento adolece de los siguientes defectos: *"no contiene los datos de inscripción de finca principal de la cual se segrega la parcela; no ofrece datos de su procedencia; no hace alusión a sus cargas y gravámenes; describe la parcela 15 que segrega con una cabida de 1,992 cuerdas (cuando la finca principal de la cual se segrega es de solamente 612.8625 cuerdas); no relaciona las condiciones y restricciones del traspaso; solamente aparece la firma del funcionario autorizado en la última página del documento, que resulta ser una forma impresa en la cual no se identifica tan siquiera el proyecto de fincas, y ninguno de sus folios tiene las iniciales del funcionario autorizado de la Corporación. Dicha certificación consigna que la compraventa se efectúa en virtud de una petición suscrita por el comprador constando este documento en los archivos de la Corporación y surgiendo del mismo el consentimiento, lo cual no es cierto porque la petición no fue suscrita por Antonia Vázquez."*

Es decir, los apelantes levantaron en su oposición a la moción de sentencia sumaria una controversia de autenticidad y validez de los documentos presentados por la Sucesión con su solicitud de sentencia sumaria al alegar que tales contratos son nulos ante la ausencia de consentimiento en los mismos. También cuestionaron el que Doña Antonia cumpliera con los requisitos dispuestos por ley para que se le adjudicara la parcela en controversia. Tienen razón los apelantes. Estas alegaciones dejan una seria duda sobre si eran nulos los documentos a los cuales el foro sentenciador le adjudicó validez y con los cuales adjudicó la controversia. Esta situación levanta una controversia de hechos esenciales en el caso de autos.

Además es claro que procede la reclamación de los apelantes en cuanto a falta de parte indispensable en el presente pleito. La Corporación es parte indispensable al ser la parte que otorgó los títulos que están en controversia.

Finalmente, plantean los apelantes que el presente pleito es una acción de nulidad de contrato por alegados vicios del consentimiento y que, por ende, es de aplicación al presente caso el Art. 1253 del Código Civil, 31 L.P.R.A. sec. 3512, el cual dispone un término prescriptivo de cuatro (4) años a las acciones de nulidad de contrato, desde la consumación del contrato, en los casos de dolo, error o falsedad de causa. No tienen razón.

Sabido es que la acción reivindicatoria de bienes inmuebles es imprescriptible; esto es, no prescribe en tanto el poseedor no haya completado los requisitos necesarios para usucapir, a saber, treinta (30) años. Art. 1863 del Código Civil, 31 L.P.R.A. sec. 5293; *Atanacia Corporation v. Jorge M. Saldaña, Inc.,* ___ D.P.R. ___ (1993), **93 J.T.S. 67,** pág. 10677. Actuó correctamente el Tribunal de Primera Instancia al concluir que la acción ejercitada por la Sucesión no está prescrita.

En vista de lo expuesto y luego de examinar las alegaciones de las partes y la prueba documental, concluimos que los hechos no son tan claros y, por el contrario, hay varias controversias que no permiten dictar sentencia sumaria en el caso.

## V

En virtud de lo anteriormente expuesto, se revoca la sentencia apelada y se devuelve el caso al Tribunal de Primer Instancia para la continuación de procedimientos ulteriores que vayan de acuerdo con lo aquí resuelto.

Lo acuerda y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General