ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| ACTSS, LLC.<br><br>**Apelante**<br><br>V.<br><br>CBL REALTY, S.E.<br><br>**Apelada** | **KLAN202500011** | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil. Núm. SJ2021CV02635<br><br>Sobre: Cobro de Dinero, Incumplimiento de Contrato; Daños y Perjuicios |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Bonilla Ortiz, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 16 de mayo de 2025.

Comparece ante este foro ACTSS, LLC (ACTSS o "parte apelante") y nos solicita que revisemos una *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, notificada el 15 de noviembre de 2024. Mediante el referido dictamen, el foro primario declaró *Con Lugar* la moción de sentencia sumaria en cuanto a la *Reconvención* presentada por CBL Realty, S.E. (CBL Realty o "parte apelada").

Por los fundamentos que se exponen a continuación, **CONFIRMAMOS** la *Sentencia* apelada.

**I.**

El 30 de abril de 2021, ACTSS presentó *Demanda* en cobro de dinero, incumplimiento contractual y daños y perjuicios en contra de CBL Realty.[1] En esencia, alegó que suscribió un contrato de arrendamiento con CBL Realty, mediante el cual pagó la suma de $25,000.00 como

---

[1] *Demanda*, págs. 41-100 del apéndice del recurso.

depósito a la firma del contrato. Añadió que, el contrato tenía vigencia de sesenta (60) meses, comenzando el 1 de noviembre de 2015 y culminando el 31 de octubre de 2020. No obstante, esbozó que al momento de entregar la propiedad, CBL Realty se negó a devolverles el depósito, debido a una serie de gastos por daños ascendientes a $21,772.95. Así las cosas, ACTSS solicitó el pago de $25,419.18 por concepto de fianza, más intereses acumulados a razón de $2.91 por día, entre otras partidas.

Luego de varias incidencias procesales, el 3 de marzo de 2022, CBL Realty presentó su *Contestación a Demanda, Reconvención y Demanda contra Tercero*.[2] En esta, como parte de sus defensas afirmativas arguyó que la parte apelante incumplió con sus obligaciones contractuales, por lo que, CBL Realty quedó libre de cualquier obligación que hubieran podido tener con respecto al reclamo de ACTSS.

De otra parte, en su *Reconvención* esbozó que tenían cuatro (4) causas de acción en contra de ACTSS, el Sr. Alexander Calixto (señor Calixto), la Sra. Gialia Colón (señora Colón) y la Sociedad Legal de Gananciales compuesta por ambos (en conjunto, "terceros demandados") por incumplimiento del contrato de arrendamiento. En su primera causa de acción señaló el recobro de un incentivo de construcción por la cantidad de $132,128.00, que le cedió a la parte apelante para que realizaran mejoras al inmueble arrendado. No obstante, alegó que éstos solamente justificaron el gasto para las unidades de aire acondicionado por el valor de $20,783.60. La

---

[2] *Contestación a Demanda, Reconvención y Demanda contra Tercero*, págs. 152-191 del apéndice del recurso.

segunda causa de acción fue dirigida al incumplimiento contractual por no gestionar y obtener los permisos de construcción, ni pagar arbitrios y patentes municipales. Como consecuencia, CBL Realty adujo que tuvo que incurrir en gastos de servicios profesionales para poder legalizar las obras valoradas en $3,923.37, arbitrios de construcción por $8,178.75 y patentes por la suma de $817.86. La tercera causa de acción por incumplimiento de contrato al ACTSS remover todos los equipos de prevención de incendio y la parte apelada tener que reemplazarlos incurriendo en el gasto de $2,058.52. Finalmente, la cuarta causa de acción por daños por $250.00 a las instalaciones eléctricas del inmueble arrendado y por concepto de una puerta en el segundo nivel del inmueble por $1,505.25.

Así pues, CBL Realty solicitó que fuera declarada sin lugar la demanda instada en su contra y con lugar la reconvención y demanda contra tercero.

El 15 de marzo de 2022, ACTSS presentó su *Contestación a Reconvención*.[3] En esencia, negó la mayoría de las alegaciones. Mientras que, como parte de sus defensas afirmativas reiteró que no adeudaba suma alguna a CBL Realty; que la parte apelada se rehusó a inspeccionar la propiedad el día que debían entregarla, por lo que, aplicaba la doctrina de actos propios; que durante la vigencia del contrato la parte apelada tenía conocimiento de las mejoras hechas y nunca le requirieron evidencia o los alegados permisos de construcción. Asimismo, arguyó que el contrato de

---

[3] *Contestación a Reconvención*, págs. 192-197 del apéndice del recurso.

arrendamiento no incluía cláusula alguna sobre el reclamo por el reembolso del alegado incentivo.

El 9 de agosto de 2022, CBL Realty presentó una *Moción Solicitando Orden para que se Conteste adecuadamente la Reconvención presentada por CBL*.[4] Sostuvo que, la contestación presentada por ACTSS incumplió con lo dispuesto en la Regla 6.2 de Procedimiento Civil al no admitir o negar varias alegaciones y no exponer sus defensas.

El 23 de agosto de 2022, el foro primario notificó una *Orden* en la cual dispuso que primero debían dialogarlo entre los representantes legales y de no lograr un entendido, el tribunal dispondría.[5]

No obstante, el 14 de octubre de 2022, CBL presentó nuevamente una moción solicitando la atención del foro apelado para que ACTSS contestara adecuadamente la reconvención.[6] Reiteró que, aun cuando intentó comunicarse con la representación legal de ACTSS, éstos hicieron caso omiso, por lo que, acudían nuevamente ante el foro *a quo*.

El 17 de octubre de 2022, la parte apelada presentó una *Moción Solicitando Orden para que se Conteste la Solicitud de Descubrimiento de Prueba que le fuera cursada a ACT*.[7]

---

[4] *Moción Solicitando Orden para que se Conteste adecuadamente la Reconvención presentada por CBL*, págs. 202-206 del apéndice del recurso.
[5] *Orden*, pág. 210 del apéndice del recurso.
[6] *Moción Solicitando Orden para que se Conteste adecuadamente la Reconvención presentada por CBL*, págs. 212-214 del apéndice del recurso.
[7] *Moción Solicitando Orden para que se Conteste la Solicitud de Descubrimiento de Prueba que le fuera cursada a ACT*, págs. 215-222 del apéndice del recurso.

El 22 de noviembre de 2022, el foro primario notificó una *Orden*,[8] mediante la cual indicó lo siguiente:

> Tiene 15 días para reunirse y radicar una moción conjunta informando el resultado.
>
> Se apercibe que se impondrán sanciones al representante legal que incumpla.
>
> Hay señalamiento de conferencia con antelación al juicio para el 30 de enero de 2023.

Luego de varias incidencias procesales, el 3 de marzo de 2023, CBL Realty instó una *Moción Solicitando se dé por admitido Requerimiento de Admisiones cursado a ACTSS, LLC*.[9] Indicó que, el 31 de agosto de 2022, le envió a la parte apelante un *Requerimiento de Admisiones*. Esbozó que, el 2 de septiembre de 2022, el representante legal de ACTSS solicitó un término adicional de cuarenta y cinco (45) días para contestarlo. No obstante, luego de transcurrido sobre ciento ochenta (180) días, ACTSS no había contestado el Requerimiento de Admisiones. Por ello, solicitó que fuera dado por admitido.

El 6 de marzo de 2023, el foro primario mediante *Orden*, determinó lo siguiente: "[a]nte lo informado, se toma conocimiento de la operación automática de la admisión tácita reglamentaria."[10]

El 20 de marzo de 2023, ACTSS y los terceros demandados presentaron una *Moción de Reconsideración sobre admisión tácita de Requerimientos de Admisiones*.[11] En esencia, señalaron que el requerimiento de admisiones

---

[8] *Orden*, pág. 223 del apéndice del recurso.
[9] *Moción Solicitando se dé por admitido Requerimiento de Admisiones cursado a ACTSS, LLC*, págs. 228-229 del apéndice del recurso.
[10] *Orden,* pág. 230 del apéndice del recurso.
[11] *Moción de Reconsideración sobre admisión tácita de Requerimientos de Admisiones*, págs. 271-275 del apéndice del recurso.

no podía ser oponible a los terceros demandados, toda vez que no les fue cursado.

El 21 de marzo de 2023, el foro apelado notificó una *Resolución*, mediante la cual declaró *No Ha Lugar* la moción de reconsideración.[12] Indicó que, la moción adolecía de justa causa o al menos de explicaciones debidamente fundamentadas que le hicieran dejar sin efecto la admisión tacita reglamentaria que establece la Regla 33 de Procedimiento Civil.

Posteriormente, el 30 de junio de 2023, CBL Realty presentó una *Moción Solicitando Orden para que se Contesten Interrogatorios y Reconvención*.[13] En esta, reiteró que luego de varias mociones solicitando el cumplimiento de ordenes emitidas por el foro primario, la parte apelante continuo haciendo caso omiso. Por ello, solicitó una vez más que le ordenara a ACTSS a que contestara la *Solicitud de Descubrimiento de Prueba y Reconvención* cursado desde el 3 de marzo de 2022, so pena de que le fueran eliminadas sus alegaciones.

Tras varias incidencias procesales, el 11 de septiembre de 2023, el foro primario notificó una *Orden* en la que dispuso lo siguiente:[14]

> No habiéndose sometido el informe preliminar entre las partes, se impone sanción de $100 a cada una de las partes; se recalendariza Conferencia con Antelación a Juicio para el 19 de octubre de 2023 a las 2:00 PM de manera presencial. El informe preliminar tiene que ser sometido en o antes del 13 de octubre de 2023. Se apercibe que incumplimiento con esta orden será causa para desestimación al amparo de la Regla 39.2(a) de las de Procedimiento Civil o anotación de rebeldía, dependiendo de la parte que incumpla con esta orden. Se conceden 5 días para el pago de la sanción. Notifíquese directamente a las partes.

---

[12] *Resolución*, pág. 279 del apéndice del recurso.
[13] *Moción Solicitando Orden para que se Contesten Interrogatorios y Reconvención*, págs. 299-301 del apéndice del recurso.
[14] *Orden*, págs. 310-312 del apéndice del recurso.

El 19 de octubre de 2023, el foro apelado notificó una *Sentencia*, mediante la cual determinó que a la fecha las partes no habían presentado el informe preliminar, aun con el apercibimiento de sus consecuencias, por lo que, procedió a ordenar el archivo del caso.[15]

No obstante, en la misma fecha, CBL Realty presentó una *Moción de Reconsideración y/o que se Dicte Sentencia en Rebeldía en contra de ACT*.[16] Esbozó que, desde el 11 de mayo de 2023, sometió su parte del *Informe de Conferencia con Antelación al Juicio*. Asimismo, arguyó que debía "ordenar el archivo Con Perjuicio la Demanda incoada por ACT, quien ha sido la única parte que en reiteradas y múltiples ocasiones ha incumplido con las ordenes de este Honorable Tribunal. Por el contrario, [el foro primario] debe anotarle la rebeldía a ACT y permitir que CBL pueda continuar con su Reconvención."

Evaluada la moción, el foro *a quo* emitió una *Sentencia Parcial*, mediante la cual concluyó lo siguiente:[17]

> […]
>
> El informe preliminar para la Conferencia con Antelación a Juicio no se sometió según ordenado aun con el apercibimiento de sus consecuencias. Evaluado el expediente y en atención a MOCIÓN DE RECONSIDERACIÓN Y/O QUE SE DICTE SENTENCIA EN REBELDIA EN CONTRA DE ACT [144], se ordena el archivo de la demanda presentada por ACTSS, LLC al amparo de la Regla 39.2(a) de las de Procedimiento Civil; **se le anota la rebeldía de la parte reconvenida ACTSS, LLC** eliminando sus alegaciones y se ordena la continuación de los procedimientos en cuanto a la reconvención presentada por CBL Realty, S.E.
>
> Por no existir razón para posponer dictar sentencia parcial y final sobre lo aquí

---

[15] *Sentencia*, págs. 313-314 del apéndice del recurso.
[16] Véase, *Moción de Reconsideración y/o que se Dicte Sentencia en Rebeldía en contra de ACT*, entrada núm. 144 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[17] Véase, *Sentencia Parcial*, entrada núm. 146 en SUMAC.

descrito hasta la resolución final de la acción incoada, se ordena que se registre y notifique la presente Sentencia Parcial conforme a la Regla 42.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 42.3. (Énfasis nuestro).

En desacuerdo, el 2 de noviembre de 2023, ACTSS presentó una *Solicitud de Reconsideración*.[18] En síntesis, alegó que el foro apelado no le brindó oportunidad para corregir cualquier alegado incumplimiento. Asimismo, añadió que entendía "que obligar a las partes a someter un Informe de Conferencia con Antelación a la Vista en su Fondo en este momento, cuando claramente quedan importantes asuntos pendientes, solo tendría un efecto detrimental en el caso, al obligar a las partes a presentar los detalles su caso sin tener en su poder toda la información requerida." Finalmente, esbozó que el *Informe* estaba confeccionado y lo podía radicar de inmediato.

El 7 de noviembre de 2023, CBL Realty presentó una *Réplica a Solicitud de Reconsideración*.[19] Reiteró que ACTSS no expuso ninguna razón válida en derecho y/o justa causa para que el foro primario reconsiderara su dictamen. A su vez, planteó que no era el primer incumplimiento que cometía la parte apelante, por lo que, había actuado correctamente el foro primario al desestimar la demanda y anotarle la rebeldía en cuanto a la reconvención.

El 27 de noviembre de 2023, el foro apelado notificó una *Resolución y Orden*, en esta dispuso lo siguiente:[20]

> Evaluadas SOLICITUD DE RECONSIDERACIÓN [147], RÉPLICA A SOLICITUD DE RECONSIDERACIÓN [148] y MOCIÓN EN

---

[18] *Solicitud de Reconsideración*, págs. 340-345 del apéndice del recurso.
[19] Véase, *Réplica a Solicitud de Reconsideración*, entrada núm.148 en SUMAC.
[20] *Resolución y Orden*, págs. 346-347 del apéndice del recurso.

CUMPLIMIENTO DE ORDEN [150], junto a la totalidad del expediente, el tribunal declara NO HA LUGAR SOLICITUD DE RECONSIDERACIÓN [147]. De una evaluación de las mociones presentadas y el expediente surge que la orden del 11 de septiembre de 2023 con la posterior Sentencia Parcial del 19 de octubre de 2023, cumplieron con las exigencias de la Regla 39.2(a) de las de Procedimiento Civil; se impuso sanción por incumplimiento en someter el informe preliminar entre abogados y abogadas, se concedió un término mayor de 30 días para su cumplimiento, se apercibió de las consecuencias del incumplimiento con no someter el informe preliminar y se notificó directamente a las partes. Además, la parte demandada sometió moción el 2 de octubre de 2023 informando de las gestiones realizadas para que se pudiese completar el informe preliminar con la parte demandante sin acción consecuente de la parte demandante. Por tanto, el tribunal mantiene su Sentencia Parcial del 19 de octubre de 2023. Se ordena a la parte reconviniente someter su parte del informe preliminar para que el tribunal proceda a calendarizar en atención a la reconvención pendiente.

El 28 de noviembre de 2023, CBL Realty presentó *Moción en Cumplimiento de Orden*, en la cual sometió su parte del *Informe Preliminar*.[21]

El 1 de diciembre de 2023, el foro primario notificó una *Orden* mediante la cual indicó que el juicio en rebeldía iba a ser celebrado el 29 de febrero de 2024.[22]

Luego de varios incidentes procesales, el 11 de septiembre de 2024, la parte apelada presentó una *Moción Solicitando Sentencia Sumaria a Favor de la Reconvención presentada por CBL Realty, S.E.*[23] En esencia, sostuvo que no existía controversia real sustancial sobre hechos materiales reclamados en la *Reconvención*. Asimismo, señaló que no había controversia sobre la anotación de rebeldía, puesto que, desde el 19 de octubre de 2023 el

---

[21] *Moción en Cumplimiento de Orden*, págs. 317-338 del apéndice del recurso.
[22] *Orden*, pág. 328 del apéndice del recurso.
[23] *Moción Solicitando Sentencia Sumaria a Favor de la Reconvención presentada por CBL Realty, S.E.,* págs. 349-368 del apéndice del recurso.

foro primario dictó *Sentencia Parcial* y le anotó la rebeldía a la parte apelante, la cual nunca fue apelada. Por ello, solicitó que el foro apelado dictara sentencia sumaria, resolviendo que no existía controversia en que ACTSS y los terceros demandados incumplieron con el contrato provocando daños, por lo que, respondían solidariamente por las causas de acción presentadas en la *Reconvención*.

El 1 de octubre de 2024, ACTSS y terceros demandados presentaron su *Oposición a Solicitud de Sentencia Sumaria*.[24] Mediante esta, alegaron que no procedía la sentencia sumaria, debido a que existían hechos en controversia. En cuanto a la anotación de rebeldía, ACTSS manifestó que había causa justificada para levantarla. Arguyó que, el no radicar el *Informe de Conferencia con Antelación al Juicio*, no se debió a su deseo de incumplir con la orden del Tribunal, sino a que no estaban preparados. Añadió que, el descubrimiento de prueba no había culminado, ni se había resuelto la alegación sobre que no hubo una adecuada réplica a la reconvención. Por lo tanto, solicitaron fuera denegada la solicitud de sentencia sumaria.

El 2 de octubre de 2024, CBL Realty presentó una *Moción Solicitando Desglose de Oposición a Solicitud de Sentencia Sumaria y Oposición a Solicitud para que se levante la Rebeldía*.[25] En síntesis, reiteró que, desde el 19 de octubre de 2023, el foro primario dictó *Sentencia Parcial* desestimando la *Demanda* de epígrafe y anotándole la rebeldía a la parte apelante, la cual nunca

---

[24] *Oposición a Solicitud de Sentencia Sumaria*, págs. 418-442 del apéndice del recurso.
[25] *Moción Solicitando Desglose de Oposición a Solicitud de Sentencia Sumaria y Oposición a Solicitud para que se levante la Rebeldía*, págs. 443-446 del apéndice del recurso.

fue apelada. Por consiguiente, la determinación del foro apelado era final y firme. En cuanto a la solicitud de desglose, sostuvo que la oposición a la solicitud de sentencia sumaria era vaga, estereotipada y sin fundamento de clase alguna. En vista de ello, solicitó fuera declarada No Ha Lugar la *Oposicion a Sentencia Sumaria* presentada por ACTSS.

El 15 de octubre de 2024, la parte apelante presentó una *Dúplica*.[26]

Evaluados y analizados los escritos de las partes, el 15 de noviembre de 2024, el foro primario dictó la *Sentencia* apelada, mediante la cual declaró *Con Lugar* la *Solicitud de Sentencia Sumaria en cuanto a la Reconvención de CBL*.[27] Por consiguiente, condenó a ACTSS y a los terceros demandados, a que pagaran de manera solidaria las sumas reclamadas en la *Reconvención*.

En desacuerdo, el 29 de noviembre de 2024, la parte apelante presentó una *Solicitud de Reconsideración y de Determinaciones Adicionales*.[28] No obstante, el 5 de diciembre de 2024, el foro primario notificó una *Resolución*, mediante la cual denegó la solicitud.[29]

Aun inconforme, el 7 de enero de 2025, ACTSS presentó el recurso de epígrafe, en el cual señaló la comisión de los siguientes errores por parte del foro primario:

> ERRÓ EL TPI AL DESESTIMAR LA DEMANDA PRESENTADA POR LA APELANTE Y EMITIR SENTENCIA SIN DAR OPORTUNIDAD A PRESENTAR SUS ARGUMENTOS.

> ERRÓ EL TPI AL NO LEVANTAR LA ANOTACIÓN DE REBELDÍA A LA APELANTE.

---

[26] *Dúplica*, págs. 448-452 del apéndice del recurso.
[27] *Sentencia,* págs 1-23 del apéndice del recurso.
[28] Véase, *Solicitud de Reconsideración y de Determinaciones Adicionales*, entrada núm. 180 en SUMAC.
[29] Véase, *Resolución*, entrada núm. 181 en SUMAC.

El 28 de enero de 2025, CBL Realty presentó una *Moción Solicitando Desestimación del Recurso de Apelación presentado por ACTSS, LLC*.

No obstante, el 31 de enero de 2025, emitimos una *Resolución* en la cual denegamos la moción de desestimación.

Posteriormente, el 5 de febrero de 2025, la parte apelada presentó *Moción de Reconsideración y Solicitud de CBL Realty, S.E. para que su Moción Solicitando Desestimación se tome como el Alegato de la Parte Apelada*.

Así las cosas, el 13 de febrero de 2025, emitimos una *Resolución*, donde acogimos la moción de desestimación como el alegato en oposición.

Con el beneficio de la comparecencia de ambas partes procedemos a atender el recurso.

## II.

La doctrina de la ley del caso es una manifestación del principio de que las adjudicaciones deben tener fin. *Rosso Descartes v. BGF*, 187 DPR 184, 192 (2012). Su propósito es velar por el trámite ordenado y pronto de los litigios, así como promover la estabilidad y certeza del derecho. *Íd.*, pág. 193. De esta forma, las partes pueden conducirse en el pleito sobre directrices judiciales confiables y certeras. *Núñez Borges v. Pauneto Rivera*, 130 DPR 749, 754 (1992).

En virtud de esta doctrina, es la norma que los planteamientos que han sido adjudicados en el ámbito judicial, a través de un dictamen firme, constituyen la ley del caso y, por eso, sus determinaciones y asuntos decididos obligan tanto al tribunal inferior, como al que las dictó, impidiendo que puedan ser reexaminados.

*Rosso Descartes v. BGF*, supra; *Mgmt. Adm. Servs. Corp. v. ELA,* 152 DPR 599, 606-607 (2000).

Ahora bien, la doctrina de la ley del caso no representa un mandato invariable o inflexible, recoge una costumbre: que se respeten como finales las controversias sometidas, litigadas y decididas por un tribunal dentro de una causa. *Núñez Borges v. Pauneto Rivera,* supra. De la mano con esto, esta doctrina representa una sana práctica judicial, no una regla inviolable. *Torres Cruz v. Municipio de San Juan*, 103 DPR 217, 222 (1975); *Don Quixote Hotel v. Tribunal Superior*, 100 DPR 19, 30 (1971). Así, si un tribunal entiende que la ley del caso antes establecida es errónea y puede causar una grave injusticia, puede aplicar una norma de derecho distinta, en aras de resolver justamente. *Don Quixote Hotel v. Tribunal Superior,* supra.

No obstante, una determinación emitida por un tribunal previamente no debe alterarse, a menos que surja del expediente una variación de hechos del caso o un estado de derecho particular. *Rosso Descartes v. BGF,* supra, pág. 192-193; *Mgmt. Adm. Servs. Corp. v. ELA*, supra, pág. 607. Cónsono con lo anterior, la doctrina de la ley del caso no es férrea, ni de aplicación absoluta, si conduce a resultados manifiestamente injustos. *Íd.*

**III.**

En el caso de autos, la parte apelante nos solicita que revisemos la *Sentencia* notificada el 15 de noviembre de 2024. Mediante esta, el foro *a quo* declaró *Con Lugar* la *Moción de Sentencia Sumaria en cuanto a la Reconvención* instada por CBL Realty. Como consecuencia,

condenó a ACTSS y a los terceros demandados a que pagaran, de manera solidaria, lo reclamado en la *Reconvención*.

En su primer señalamiento de error ACTSS alega que erró el foro apelado al desestimar la *Demanda* sin darle oportunidad a presentar sus argumentos. Mientras que, en su segundo señalamiento de error, esboza que el foro primario erró al no levantar la anotación de rebeldía en su contra.

Por su parte, CBL Realty sostiene que procedía la desestimación del recurso, debido a que, este Foro dictó *Sentencia* en el caso KLAN202301148, mediante el cual desestimó la *Apelación* por falta de jurisdicción. En dicha ocasión, la *Apelación* fue presentada solicitando la revisión de la *Sentencia* que dictó el foro primario el 19 de octubre de 2023, donde desestimó la *Demanda* de epígrafe y le anotó la rebeldía a la parte apelante en cuanto a la *Reconvención* presentada por CBL Realty.

En el presente caso, ACTSS comparece ante nos y, nuevamente nos solicita que revoquemos la determinación del foro primario sobre la desestimación de su demanda y anotación de rebeldía. Los señalamientos de error planteados son los mismos esbozados en el recurso de *Apelación* desestimado. A su vez, que los señalamientos de error expuestos en el recurso de epígrafe no van dirigidos a la *Sentencia* apelada.

Según expusimos anteriormente, la doctrina de la ley del caso es de aplicación cuando existe un dictamen judicial que advino final y firme sobre una controversia que, a causa de dicha finalidad no puede rexaminarse. Dicha doctrina aplica a las decisiones del foro primario como las del foro revisor apelativo. *Berkan et al. v.*

*Mead Johnson Nutrition*, supra, pág. 201; *Cacho Pérez v. Gotay y otros,* supra, pág. 9. Lo anterior es precisamente el caso que nos ocupa, toda vez que, la *Sentencia* que desestimó la *Demanda* de epígrafe y la anotación de rebeldía a la parte apelante, advino final y firme, cuando acudió posteriormente ante este Foro, y dicha determinación no puede ser nuevamente examinada.

Así las cosas, no existiendo una situación excepcional que amerite sustituir el criterio previamente emitido, confirmamos el dictamen del foro primario.

**IV.**

Por los fundamentos antes expuestos, **CONFIRMAMOS** la *Sentencia* apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones