Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| HACIENDA TIO CANO, INC., ET ALS<br><br>Recurrida<br><br>v.<br><br>CARIBBEAN NURSERY FARM, INC., ET ALS<br><br>Peticionarios | KLCE202500345 | *CERTIORARI*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Civil Núm.: ISCI201100454<br><br>Sobre: Sentencia Declaratoria, Interdicto Preliminar y Permanente |

Panel integrado por su presidenta, la juez Brignoni Mártir, la jueza Álvarez Esnard y la jueza Prats Palerm.

Álvarez Esnard, jueza ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 19 de mayo de 2025.

Comparece Caribbean Nursery Farm, Inc. ("Caribbean Nursery" o "la Peticionaria") y solicita la revocación de la *Resolución* emitida y notificada el 27 de febrero de 2025, por el Tribunal de Primera Instancia, Sala de Mayagüez, (foro *a quo* o foro primario). Mediante la referida *Resolución*, el foro primario declaró *No Ha Lugar* la *Moción en Cumplimiento de Orden* presentada el 23 de julio de 2024, por Caribbean Nursery, en la que solicitó autorización para desfilar prueba pericial a los fines de refutar el testimonio del Dr. José I. Alameda Lozada, perito de Hacienda Tío Cano Inc., ("Hacienda Tío Cano" o "la Recurrida"), en la vista evidenciaría a celebrarse en el foro a quo para el cómputo correcto de la partida de daños concedida, en cumplimiento con la Sentencia emitida el 30 de noviembre de 2022, por este Tribunal de Apelaciones, que así lo ordenó, en el caso con designación alfanumérica KLAN202100144.[1]

---

[1] El mandato fue remitido y notificado el 12 de abril de 2023.

Número Identificador

SEN(RES)2025_____

Por los fundamentos que expondremos a continuación, denegamos la expedición del auto de *Certiorari.*

**I.**

El trasfondo fáctico y procesal que motiva la presentación del recurso de epígrafe comenzó con una *Demanda* sobre sentencia declaratoria, interdicto preliminar y permanente presentada el 18 de marzo de 2011 por Hacienda Tío Cano en contra de Caribbean Nursery, en la que la Recurrida alegó que entre las partes se constituyó un contrato verbal de compraventa sobre los activos que la Peticionaria mantenía en un predio de terreno arrendado a un tercero. Tras varios incidentes procesales, mediante *Sentencia* emitida el 28 de octubre de 2020, notificada el 23 de noviembre de ese año, el foro primario declaró *Ha Lugar* la *Demanda* instada por Hacienda Tío Cano en contra de la Peticionaria y decretó la validez del contrato de compraventa entre las partes.  Caribbean Nursery apeló la Sentencia.

El 30 de noviembre de 2022, este Tribunal de Apelaciones emitió *Sentencia* en la que modificó la *Sentencia* emitida por el foro *a quo* el 28 de octubre de 2020, **a los únicos efectos** de ordenar la celebración de vista evidenciaría para que mediante la presentación del testimonio del perito de Hacienda Tío Cano, el Dr. José Alameda Lozada, se desfilara prueba satisfactoria que permitiera el cómputo más correcto posible en cuanto a la partida de daños concedida por el foro *a quo* a la Recurrida y además, para dirimir la credibilidad del testimonio pericial del Ing. Joel Guzmán Pantojas, testigo de Caribbean Nursery, que a causa de una inadvertencia no fue incluido en el Informe de Conferencia con Antelación al Juicio.[2]

Así las cosas, el 23 de julio de 2024, Caribbean Nursery presentó *Moción en Cumplimiento de Orden* en la que solicitó que se

---

[2] *Véase* páginas 1- 38 del Apéndice del *Certiorari.*

le permitiera desfilar prueba mediante el testimonio del perito Jimmy Sepúlveda, con el fin de garantizarle el derecho a un debido proceso de ley durante la vista evidenciaría a celebrarse, en cumplimiento con la Sentencia emitida por el Tribunal de Apelaciones en el caso con designación alfanumérica KLAN202100144.[3]

En respuesta, el 12 de agosto de 2024, Hacienda Tío Cano presentó *Oposición a Moción en Cumplimiento de Orden* en la que esbozó que la solicitud de la Peticionaria no se sostiene en la Sentencia emitida por el Tribunal de Apelaciones.[4]

Mediante *Resolución* emitida y notificada el 27 de febrero de 2025, el foro primario declaró *No Ha Lugar* la *Moción en Cumplimiento de Orden* presentada por la Peticionaria. En esencia, concluyó el foro *a quo* que la *Sentencia* emitida por el Tribunal de Apelaciones modificó la Sentencia emitida el 28 de octubre de 2020, por el foro primario sobre la reclamación de la Recurrida y ordenó la celebración de la vista evidenciaria para que Hacienda Tío Cano presentara el testimonio pericial del Dr. José I. Alameda Lozada, a los únicos fines de permitir el cómputo correcto de la partida de daños concedida y para dirimir la credibilidad del Ing. Joel Guzmán Pantojas, **pero que nada dispuso en cuanto al desfile de otra prueba mediante el testimonio de otros testigos distintos al Dr. José I. Alameda Lozada y al Ing. Joel Guzmán.** Enfatizó, además, el foro *a quo* que en relación a los daños, Caribbean Nursery desfiló prueba mediante el testimonio pericial del Sr. Elizamuel Rivera, Contador Público Autorizado, al cual el foro primario le atribuyó el peso y el valor probatorio que le mereció. Finalmente, concluye el foro primario que la Sentencia emitida por el Tribunal de Apelaciones da una orden clara y definitiva sobre la prueba a desfilar

---

[3] *Véase* páginas 39-41 del Apéndice del *Certiorari.*
[4] *Véase* página 50 del Apéndice del *Certiorari,*

en la vista evidenciaría que debe celebrar el foro *a quo*, sin margen o discreción para expandirla mediante la presentación de nuevos testigos.

En desacuerdo, el 7 de marzo de 2025, Caribbean Nursery presentó *Moción Solicitando Reconsideración* en la expuso que la *Resolución* emitida por el foro primario le denegó su derecho a impugnar el testimonio pericial a presentarse por el Recurrido en la vista evidenciaría, y que <u>no se trata de otra prueba</u> sino de su derecho a refutar el testimonio del Dr. José I. Alameda Lozada, perito de Hacienda Tío Cano.[5]

Mediante *Orden* emitida el 7 de marzo de 2025, notificada el 12 de marzo del corriente año el foro primario declaró *No Ha Lugar* la *Moción Solicitando Reconsideración* presentada por la Peticionaria.[6]

Inconforme, Caribbean Nursery comparece ante nos mediante el recurso de epígrafe y señala la comisión del siguiente error por parte del foro primario:

> Cometió grave error el Tribunal de Primera Instancia, Sala Superior de Mayagüez al dictar una Resolución y Orden contraria a derecho y dejando desprovisto al demandado de su derecho a impugnar el testimonio del perito de los demandantes y permitiendo prueba nueva de dicho perito.

El 25 de abril de 2025, Hacienda Tío Cano compareció ante nos mediante *Oposición a Petición de Certiorari.* En esencia, sostiene que la *Resolución* recurrida fue emitida por el foro primario conforme a la doctrina de la ley del caso y que además, nada impide a la Peticionaria contrainterrogar al Dr. José I. Alameda Lozada, perito de Hacienda Tío Cano. Arguye además, que si bien la Regla 52.1 de Procedimiento Civil permite como excepción revisar cuestiones interlocutorias en casos de admisibilidad de peritos esenciales, el

---

[5] *Véase* páginas 56-57 del Apéndice del *Certiorari*
[6] *Véase* páginas 58-60 del Apéndice del *Certiorari.*

perito que Caribbean Nursery quiere incluir no es uno esencial y que el perito de esta ya declaró en el juicio en su fondo. Asimismo, aclara la Recurrida que de una lectura integral de la sentencia emitida por el Tribunal de Apelaciones se desprende que la vista ordenada es para establecer satisfactoriamente los daños que hayan podido surgir a Hacienda Tío Cano, con posterioridad a noviembre de 2012 y que sobre esos extremos es que declararía el Dr. José I. Alameda Lozada.

## II.
### A. Certiorari

"[U]na resolución u orden interlocutoria, distinto a una sentencia, es revisable mediante *certiorari* ante el Tribunal de Apelaciones". *JMG Investment v. ELA et al.*, 203 DPR 708, 718 (2019). "El recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior". *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023). Véase, además, *Torres González v. Zaragoza Meléndez,* 211 DPR 821 (2023).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R.52.1, establece que el recurso de *certiorari* solo se expedirá cuando se recurra de (1) una resolución u orden sobre remedios provisionales o *injunction* o (2) la denegatoria de una moción de carácter dispositivo. Por excepción, se puede recurrir también de: (1) decisiones sobre la admisibilidad de testigos o peritos; (2) asuntos de privilegios; (3) anotaciones de rebeldía; (4) en casos de relaciones de familia, o (4) en casos que revistan interés público. *Íd.* De igual manera, puede revisarse "cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia". *Íd.* Los límites a la facultad revisora del foro apelativo tienen como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del

recurso de apelación. *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486-487 (2019).

No obstante, la discreción del tribunal apelativo en este aspecto no opera en un vacío ni en ausencia de parámetros. *BPPR v. SLG Gómez-López*, 213 DPR 314, 337 (2023). La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que se deben tomar en consideración al evaluar si procede expedir un auto de *certiorari*. *Íd.* Estos criterios son:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El Tribunal Supremo ha expresado que la discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Mun. de Caguas v. JRO Construction, supra*, págs. 712-713. No obstante, "[a]l denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión". 32 LPRA Ap. V, R. 52.1.

### B. La Prueba Pericial

El perito es la persona que desarrolla un conocimiento o destreza sobre una materia a través de la educación o experiencia, y por consiguiente, puede formar una opinión que ayuda al juzgador en la tarea de evaluar la prueba y hacer determinaciones de hecho. *S.L. Font Bardón v. Mini-Warehouse*, 179 DPR 322, 338 (2010);

véase, además, *San Lorenzo Trad., Inc. v. Hernández*, 114 DPR 704, 709 (1983). La Regla 23.1 de Procedimiento Civil (32 LPRA Ap. V) le permite a una parte exigirle a la otra que exprese la materia sobre la cual el perito va a declarar y le puede solicitar la entrega de un resumen de las opiniones, teorías, hechos y argumentos que sostienen éstas. *S.L. Font Bardón v. Mini-Warehouse, supra,* pág. 339. La persona capacitada y cualificada como perito puede testificar en forma de opinión cuando el conocimiento especializado, científico o técnico le ayuda al juzgador a entender la prueba o determinar un hecho en controversia. *Íd.*, pág. 342, citando la Regla 702 de Evidencia, 32 LPRA Ap. VI. A esos fines, la Regla 702 dispone lo siguiente:

> [...]
> El valor probatorio del testimonio dependerá, entre otros, de:
>
> (a) Si el testimonio está basado en hechos o información suficiente;
>
> (b) si el testimonio es el producto de principios y métodos confiables;
>
> (c) si la persona testigo aplicó los principios y métodos de manera confiable a los hechos del caso
>
> (d) si el principio subyacente al testimonio ha sido aceptado generalmente en la comunidad científica;
>
> (e) las calificaciones o credenciales de la persona testigo; y
>
> (f) la parcialidad de la persona testigo.

El juzgador no debe permitir la prueba pericial que no le sea de ayuda. *S.L. Font Bardón v. Mini-Warehouse,* supra, pág. 343. Al determinar si un testimonio pericial es admisible o no, los tribunales deben considerar los siguientes factores: "(i) el riesgo de causar un perjuicio indebido; (ii) el riesgo de causar confusión; (iii) el riesgo de causar desorientación del Jurado; (iv) la dilación indebida de los procedimientos, y (v) la presentación innecesaria de prueba acumulativa". *Íd.* Véase, Regla 403 de Evidencia, *supra.* La discreción del juez es amplia al momento de determinar si admite o

excluye prueba pericial, y la misma no debe ser revocada salvo que sea claramente errónea. *Íd.*

El perito que es debidamente cualificado y declara en juicio, puede ser impugnado mediante "prueba sobre el valor probatorio del testimonio pericial". *S.L. Font Bardón v. Mini-Warehouse,* supra, citando las Reglas 109 y 703(c) de Evidencia, *supra.* En particular, la Regla 703(c) dispone que '[l]a estipulación sobre la cualificación de una persona perita no es impedimento para que las partes puedan presentar prueba sobre el valor probatorio del testimonio pericial".

En lo pertinente, la Regla 707 de Evidencia, *supra*, **permite que un perito testigo sea "contrainterrogad[o] siempre sobre** sus cualificaciones como perit[o], **el asunto objeto de su opinión pericial** y **los fundamentos de su opinión**" (Énfasis nuestro). A esos fines, el Tribunal Supremo de Puerto Rico ha expresado que **la evaluación adecuada del testimonio pericial puede realizarse a través del contrainterrogatorio, los argumentos de los abogados o abogadas de la parte contraria, y el testimonio de los demás peritos del caso.** *S.L. Font Bardón v. Mini-Warehouse*, supra, págs. 345-346.

La Regla 607(e) de Evidencia, *supra*, le permite **a la parte demandante presentar prueba de refutación después de culminada la presentación de prueba de la parte demandada**. Ahora bien, la Regla dispone que "[e]n este turno la parte demandante... no podrá presentar prueba que debió haber sido sometida durante el desfile inicial de su prueba". Íd. De igual modo, la parte demandante tiene la oportunidad de presentar prueba de contrarefutación. Íd. Además, en *Berríos Falcón v. Torres Merced*, 175 DPR 962, 975 (2009), el Tribunal Supremo expresó que **la prueba de impugnación no se puede utilizar como subterfugio para introducir prueba no admisible bajo otras circunstancias.**

**El propósito de la prueba de impugnación se circunscribe a menoscabar la credibilidad del testigo en aras de descubrir la verdad**. *Íd.*

### C. Ley del Caso

La doctrina de la ley del caso es un principio que garantiza el trámite ordenado y rápido de los litigios, así como la estabilidad y la certeza del derecho que aplican los tribunales. Constituye una sana práctica judicial que solo puede obviarse en situaciones extremas. *Núñez Borges v. Pauneto Rivera,* 130 DPR 749, 754-755 (1992); *Torres Cruz v. Municipio de San Juan*, 103 DPR 217, 222 (1975). Por otro lado, la doctrina de la ley del caso procura que se respeten como finales aquellas controversias sometidas, litigadas y decididas de manera firme, por un tribunal dentro de un caso. *Cacho Pérez v. Hatton Gotay,* 195 DPR 1, 9 (2016). Es decir, deben evitarse, en lo posible, la emisión de dictámenes contradictorios e inconsistentes. *Íd.*

En nuestro sistema de derecho, solo constituyen la ley del caso los derechos y obligaciones adjudicados en el ámbito judicial, mediante dictamen final y firme. *Cacho Pérez v. Hatton Gotay, supra,* pág. 8; *Mgmt. Adm. Servs. Corp. v. E.L.A.,* 152 DPR 599, 606-607 (2000). Ello, debido a que esos derechos y obligaciones gozan de finalidad y firmeza para que las partes pueden proceder "sobre unas directrices confiables y certeras". *Íd,* págs. 8-9. Así que, de ordinario, las controversias que han sido adjudicadas por el foro primario o por un tribunal apelativo no pueden rexaminarse. *Íd.*

Particularmente, esta doctrina establece que las determinaciones judiciales que constituyen ley del caso serán aquellas *cuestionesfin ales* consideradas y decididas por el tribunal. *Cacho Pérez v. Hatton Gotay, supra; Félix v. Las Haciendas*, 165 DPR 832, 843 (2005). **Como norma general, estas determinaciones**

**obligan, "tanto al tribunal de instancia como al que las dictó, si el caso vuelve ante su consideración".** *Íd.* (énfasis nuestro)**. Es decir, esta doctrina solo podrá invocarse cuando exista una decisión final de la controversia en sus méritos.** *Íd.*

La doctrina de la ley del caso no es un mandato invariable o inflexible. Recoge, más bien, una costumbre judicial deseable que consiste en que las controversias sometidas, litigadas y decididas por un tribunal dentro de una misma causa deben usualmente respetarse como finales. De ese modo, las partes en un litigio pueden, en lo posible, conducir su proceder en el pleito sobre unas directrices judiciales confiables y certeras. *Rosso Descartes v. B.G.F,* 187 DPR 184 (2012); *Núñez Borges v. Pauneto Rivera, supra.* No obstante, cuando la ley del caso es errónea y puede causar una gran injusticia, el mismo foro sentenciador o un foro de jerarquía superior puede emplear una norma de derecho diferente, solo en situaciones excepcionales. *Mgmt. Adm. Servs. Corp. v. E.L.A., supra,* pág. 607.

"[S]olo cuando se presenta un atentado contra los principios básicos de la justicia, es que los tribunales pueden descartar la aplicabilidad de la doctrina de la ley del caso". *Cacho Pérez v. Hatton Gotay, supra,* pág. 10. Lo importante es que se alegue su exclusión mediante un mecanismo procesalmente adecuado y que el foro que atienda la cuestión tenga jurisdicción para considerarla y emitir la nueva determinación. *Noriega v. Gobernador,* 130 DPR 919, 931 (1992); *Srio. del Trabajo v. Tribunal Superior,* 95 DPR 136, 140 (1967).

**III.**

Es la contención principal de la Peticionaria que le asiste el derecho a presentar prueba testifical a los fines de impugnar o refutar la prueba pericial satisfactoria sobre partida de daños a presentarse en la vista evidenciaría, ordenada por el Tribunal de Apelaciones, consistente en el testimonio del Dr. José I. Alameda, y

que nada impide que esta prueba consista del testimonio de nuevos testigos.

Expuesto el marco jurídico y ponderados los argumentos presentados por la parte Peticionaria, resolvemos que no se han producido las circunstancias que exijan nuestra intervención en esta etapa de los procedimientos. Aun cuando la Regla 52.1 de Procedimiento Civil, *supra,* nos faculta, por vía de excepción, para atender asuntos relacionados a la admisibilidad de peritos esenciales, al amparo de los criterios que guían nuestra discreción no intervendremos en la determinación recurrida.

En ausencia de abuso de discreción, ni limitación alguna en su derecho a contrainterrogar al testigo a declarar en la vista evidenciaría ordenada, este foro no debe intervenir con las determinaciones del foro primario. La Peticionaria no ha demostrado que el foro de instancia se excedió en el ejercicio de su discreción, ni que erró en la interpretación del derecho. Tampoco constató que el abstenernos de interferir en la determinación recurrida constituiría un fracaso irremediable de la justicia en esta etapa de los procesos. Por tanto, procede que se deniegue el recurso de *certiorari* de epígrafe.

**IV.**

Por los fundamentos anteriormente expuestos, **denegamos** la expedición del auto de *certiorari.*

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones