Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| COOPERATIVA DE AHORRO Y CRÉDITO DE AGUADA<br><br>RECURRIDO<br><br>v.<br><br>RUBÉN ALFONSO MIRANDA MERCADO TAMBIÉN CONOCIDO COMO RUBÉN MIRANDA MERCADO Y SU ESPOSA SONIA IVETTE ACEVEDO PÉREZ TAMBIÉN CONOCIDA COMO SONIA I. ACEVEDO PÉREZ Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR ESTOS<br><br>PETICIONARIOS | KLCE202500402 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Aguada<br><br>Caso Núm. ABCI201700983<br><br>Sobre: Cobro de Dinero y Ejecución de Hipoteca por la vía ordinaria |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Pagán Ocasio y la Juez Barresi Ramos.

Pagán Ocasio, juez ponente.

# RESOLUCIÓN

En San Juan, Puerto Rico, a 29 de mayo de 2025.

## I.

El 14 de abril de 2025, el señor Rubén Alfonso Miranda Mercado, la señora Sonia Ivette Acevedo Pérez y la Sociedad Legal de Gananciales compuesta por ambos (matrimonio Miranda-Acevedo o peticionarios) presentaron una *Petición de Certiorari* en la que solicitaron que revoquemos la *Orden de lanzamiento* emitida por el Tribunal de Primera Instancia, Sala Superior de Aguada (TPI o foro primario) el 25 de noviembre de 2024, notificada y archivada en autos el 27 de noviembre de 2024.[2] Mediante ésta, el TPI declaró Ha Lugar la *Solicitud de orden de lanzamiento* promovida por la

---

[1] Ver Orden Administrativa OAJP-2021-086 del 4 de noviembre de 2021.
[2] Apéndice de la *Petición de Certiorari*, Anejo 4, págs. 21-23.

Cooperativa de Ahorro y Crédito de Aguada —ahora Cooperativa de Ahorro y Crédito de Rincón— (Cooperativa o parte recurrida) y ordenó al Alguacil a proceder con el desalojo y lanzamiento de la parte recurrente y/o cualquier poseedor que derive derechos de ésta del inmueble subastado.

Junto al recurso, presentaron una *Moción al amparo de la Regla 74-F del Reglamento del Tribunal de Apelaciones* en la que solicitaron que se ordene la elevación de los autos originales del caso.

El 24 de abril de 2025, emitimos una *Resolución* en la que concedimos a la parte recurrida un término de diez (10) días para exponer su posición sobre los méritos del recurso. Además, declaramos No Ha lugar la solicitud de orden para elevar los autos del caso.

El 12 de mayo de 2025, la parte recurrida presentó un *Escrito de oposición a expedición de auto* en la que solicitó que confirmemos la *Orden de lanzamiento* o, en la alternativa, desestimemos el recurso por falta de jurisdicción.

Contando con la comparecencia de ambas partes, damos por perfeccionado el recurso y, en adelante, pormenorizaremos los hechos procesales atinentes al recurso de *Certiorari.*

**II.**

El caso de marras tuvo su génesis el 20 de octubre de 2017 cuando la parte recurrida radicó una *Demanda* sobre cobro de dinero y ejecución de hipoteca por la vía ordinaria en contra del matrimonio Miranda-Acevedo.[3] Alegó que el 28 de septiembre de 2004, les otorgó a los peticionarios un préstamo hipotecario por la suma de $160,000.00 de principal, más intereses al 6.95% anual, el cual debía pagarse en 360 plazos mensuales de $1,059.11. Dicho

---

[3] Íd., Anejo 1, págs. 1-5.

préstamo posteriormente fue modificado acordando que pagarían $781.10 en 353 plazos mensuales, más intereses al 5%. Indicó que, en garantía de dicha obligación, los peticionarios otorgaron, en prenda, un pagaré hipotecario que grava la propiedad objeto de la controversia. La parte recurrida alegó que el matrimonio Miranda-Acevedo incumplió con los términos del préstamo hipotecario al dejar de pagar las mensualidades vencidas. Sostuvo que dicha parte le adeuda la cantidad de $135,533.20 por concepto de principal y $8,498.29 por concepto de intereses acumulados hasta el 8 de septiembre de 2017; intereses, cargos por mora y/o cualquier otra cantidad que se acumule hasta el saldo total de la deuda; y $16,000.00 por concepto de costas, gastos y honorarios de abogados. Por lo cual, solicitó que se declare Ha Lugar la *Demanda* o, en la alternativa, que se ordene la venta en pública subasta de los bienes inmuebles hipotecados.

Luego de múltiples trámites procesales, el 20 de noviembre de 2024, la Cooperativa presentó una *Solicitud de orden de lanzamiento.*[4] Expuso que el 15 de agosto de 2018 se celebró la venta judicial del inmueble objeto de la controversia en la que se le adjudicó a la Cooperativa la buena pro de la referida subasta.[5] Mencionó que los peticionarios y ocupantes de la propiedad fueron debidamente notificados de la subasta a tenor con lo dispuesto en la Regla 51.7 de Procedimiento Civil, 32 LPRA Ap. V, R. 51.7. Por lo cual, solicitó que se ordenara el desalojo de los ocupantes de la propiedad subastada.

El 25 de noviembre de 2024, el TPI declaró Ha Lugar la *Solicitud de orden de lanzamiento* promovida por la Cooperativa y

---

[4] Íd., Anejo 3, pág. 20.
[5] En la solicitud, la parte recurrente indicó que el Alguacil adjudicó la buena pro de la subasta a la Cooperativa de Ahorro y Crédito de Aguada y que dicho activo fue adquirido por la Cooperativa de Ahorro y Crédito de Rincón de la Corporación para la Supervisión y Seguro de Cooperativas de Puerto Rico.

emitió una *Orden de lanzamiento*.[6] Mediante esta, ordenó al Alguacil a proceder de inmediato al desalojo y lanzamiento de los peticionarios del inmueble subastado.

El 4 de diciembre de 2024, los peticionarios presentaron una *Urgente oposición a solicitud de orden de lanzamiento* en la que alegaron que la parte recurrida omitió informar que el matrimonio Miranda-Acevedo incoó una demanda en contra de la parte recurrida alegando la nulidad de la ejecución de hipoteca porque presuntamente los peticionarios, los ocupantes y los dueños del terreno donde se ubica la propiedad subastada no fueron debidamente notificados de la subasta.[7] Asimismo, adujeron que el expediente de dominio del inmueble subastado es nulo porque hubo falta de parte indispensable y por falta de notificación de los trámites a los integrantes de la sucesión de Don Ricardo Miranda, que incluye al señor Rubén A. Miranda Mercado y sus hermanos. Por esa razón, solicitaron que rechace la *Solicitud de orden de lanzamiento* y declare la nulidad de la Sentencia emitida por el TPI en este caso.

El 13 de diciembre de 2024, los peticionarios presentaron una *Moción de reconsideración de orden de lanzamiento*.[8] En resumen, reiteraron los mismos argumentos que en la *Urgente oposición a solicitud de orden de lanzamiento* y, en consecuencia, solicitaron al TPI que reconsidere y deje sin efecto la *Orden de lanzamiento*. Asimismo, solicitaron que se les releve de la *Sentencia* del caso de conformidad con las Reglas 49.2 y 51.7 de Procedimiento Civil, *supra*.

El 31 de enero de 2025, el TPI concedió un término de veinte (20) días a la Cooperativa para que fijara su posición.[9]

---

[6] Íd., Anejo 4, pág. 21-23. Notificada y archivada en autos el 27 de noviembre de 2024.
[7] Íd., Anejo 5, pág. 24-34.
[8] Íd., Anejo 6, pág. 35-43.
[9] Íd., Anejo 7, págs. 44-45. Notificada y archivada en autos el 4 de febrero de 2025.

El 28 de febrero de 2025, la Cooperativa presentó una *Moción en cumplimiento de orden* en la que alegó que los argumentos esbozados en la aludida demanda independiente no son nuevos ni distintos a los que fueron hechos en la *Demanda* de epígrafe.[10] Arguyó que esos asuntos ya fueron atendidos por el TPI, el Tribunal de Apelaciones y el Tribunal Supremo. Adujo que no existe impedimento alguno para ordenar el lanzamiento conforme a lo ya resuelto en el caso. Por lo cual, solicitó que se mantenga en vigor la *Orden de lanzamiento.*

El 12 de marzo de 2025, el TPI emitió una *Orden* en la que declaró No Ha Lugar la *Moción de reconsideración de orden de lanzamiento* presentada por los peticionarios y, en consecuencia, mantuvo en vigor la *Orden de lanzamiento.*[11]

Insatisfecho, los peticionarios recurrieron ante esta Curia mediante el recurso *de Certiorari* de epígrafe en el que le imputaron al TPI la comisión de los siguientes errores:

> ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL FORO DE INSTANCIA AL DENEGAR LA MOCIÓN DE RECONSIDERACIÓN DEL 13 DE DICIEMBRE DE 2024 DE LA PARTE RECURRENTE SIN ANTES HABERLE DADO LA OPORTUNIDAD A LA PARTE RECURRENTE DE FIJAR SU OPOSICIÓN A LA MOCIÓN EN CUMPLIMIENTO DE ORDEN DE LA PARTE RECURRIDA DEL 28 DE FEBRERO DE 2025, EN LA QUE SE OPUSO ESCUETAMENTE A DICHA MOCIÓN DE RECONSIDERACIÓN.
>
> ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL FORO DE INSTANCIA AL AVALAR LA SOLICITUD DE ORDEN DE LANZAMIENTO DE LA PARTE RECURRIDA, CUANDO EL EXPEDIENTE DE ESTE CASO REVELA QUE LA PARTE RECURRENTE NO FUE NOTIFICADA CORRECTAMENTE DE LOS TRÁMITES CONDUCENTES AL PROCESO DE SUBASTA EN INCUMPLIMIENTO CON LA REGLA 51.7 DE LAS DE PROCEDIMIENTO CIVIL, *SUPRA*. DICHA FALTA DE NOTIFICACIÓN SE EXTIENDE A LOS DEMÁS CODUEÑOS DE LOS TERRENOS DONDE ENCLAVA DICHA PROPIEDAD Y PEOR AUN NO HAN SIDO TRAÍDAS AL PLEITO TODAS LAS PARTES INDISPENSABLES.
>
> ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL FORO DE INSTANCIA AL AVALAR LA SOLICITUD DE ORDEN DE

---

[10] Íd., Anejo 8, págs. 46-47.
[11] Íd., Anejo 10 pág. 51. Notificada y archivada en autos el 14 de marzo de 2025.

LANZAMIENTO DE LA PARTE RECURRENTE DE LA PROPIEDAD DE ESTE CASO, CUANDO EL EXPEDIENTE DE DOMINIO ATADO A DICHA PROPIEDAD ES TAMBIÉN NULO PORQUE LOS TRÁMITES DEL EXPEDIENTE DE DOMINIO DE DICHA PROPIEDAD NO FUERON NOTIFICADOS Y PEOR AUN NO HAN SIDO TRAÍDAS AL PLEITO TODAS LAS PARTES INDISPENSABLES.

Alegaron que su vivienda principal se encuentra en parte de los terrenos que pertenecen a los integrantes de la Sucesión de Don Ricardo Miranda y Doña Bernarda Mercado y fue objeto de demanda de ejecución de hipoteca y de venta judicial sin que la Cooperativa haya informado a las partes indispensables acerca de los procedimientos del caso. Adujeron que son partes indispensables en este caso los miembros de la Sucesión de Don Ricardo Miranda y Doña Bernarda Mercado. Por esa razón, arguyeron que hay nulidad absoluta de la ejecución de hipoteca y subasta de dicha propiedad. Asimismo, expresaron que el expediente de dominio que realizaron para adquirir la propiedad objeto de la controversia también es nulo porque ninguno de los integrantes de la Sucesión de Don Ricardo Miranda, excepto el peticionario, participó del trámite de expediente de dominio.

Es su contención que la alegada falta de notificación del proceso de subasta a todas las partes presuntamente indispensables de este caso constituye una falta grave a la Regla 51.7 de Procedimiento Civil, *supra*, cuyo incumplimiento acarrea nulidad de todo procedimiento en contravención de dicha regla procesal.

Por su parte, el 12 de mayo de 2025, la parte recurrida presentó un *Escrito de oposición a expedición de auto* en la que nos solicitó que confirmemos la *Orden de lanzamiento* emitida por el TPI el 25 de noviembre de 2024. Arguyó que los peticionarios pretenden relitigar el mismo planteamiento de nulidad del procedimiento de ejecución de hipoteca por falta de parte indispensable que el

Tribunal de Apelaciones en el caso con el alfanumérico KLCE202100500 ya atendió. Sobre dicho señalamiento de falta de parte indispensable, la Cooperativa argumentó que aplica la doctrina de Ley del caso.

Asimismo, alegó que el expediente de dominio que utilizaron los peticionarios cumplió con todos los requisitos legales dado a que todos los colindantes fueron citados, los miembros de la Sucesión Miranda Aponte y las personas interesadas fueron notificadas. Además, adujo que aplica la doctrina de *estopel* porque los peticionarios solicitaron un préstamo hipotecario ofreciendo como colateral el inmueble objeto de este caso y alegaron que eran los únicos dueños de la finca #13,344. Arguyó que los peticionarios vivieron la propiedad por diecinueve (19) años sin que nadie le cuestionara la titularidad de la finca objeto de ejecución.

De otra parte, la Cooperativa alegó que las actuaciones hechas por el TPI luego del 27 de diciembre de 2024 fueron sin jurisdicción por haber advenido final y firme la *Orden de lanzamiento*. Arguyó que el matrimonio Miranda-Acevedo presentó la *Moción de reconsideración de orden de lanzamiento* fuera del término de cumplimiento estricto de quince (15) días que establece la Regla 47 de Procedimiento Civil, *supra*.

**III.**

**A.**

El auto de *certiorari* es un remedio procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. ***Medina Nazario v. McNeil Healthcare LLC***, 194 DPR 723, 728 (2016). Véase, además, ***IG Builders et al v. BBVAPR***, 185 DPR 307, 337 (2012). A diferencia de una apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de forma discrecional. ***Rivera Figueroa v. Joe's European Shop***, 183 DPR 580, 596 (2011).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1,[12] establece las instancias en las que le foro revisor posee autoridad para expedir un auto de *certiorari* sobre materia civil. ***Scotiabank v. ZAF Corp., et al.***, 202 DPR 478 (2019). La citada regla delimita el alcance jurisdiccional del Tribunal de Apelaciones para atender un recurso de *certiorar*i que se trate sobre la revisión de dictámenes interlocutorios del Tribunal de Primera Instancia. ***Mun. Caguas v. JRO Contruction, Inc.***, 201 DPR 703 (2019).

Si el asunto sobre el cual versa el recurso de *certiorari* está comprendido en una de las instancias establecidas en la Regla 52.1 de Procedimiento Civil, *supra*, debemos pasar entonces a un segundo escrutinio. El mismo se caracteriza por la discreción que ha sido conferida al Tribunal de Apelaciones para autorizar, expedir y adjudicar en sus méritos el caso.

Con el fin de que podamos ejercer de manera sabia y prudente nuestra facultad discrecional, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R.40, establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*.[13]

---

[12] Esta Regla dispone que:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios (sic), anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

[13] Esta Regla dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

**B.**

La doctrina de la ley del caso es una manifestación del principio de que las adjudicaciones deben tener fin. *Rosso Descartes v. BGF,* 187 DPR 184, 192 (2012). Su propósito es velar por el trámite ordenado y pronto de los litigios, así como promover la estabilidad y certeza del derecho. Íd., pág. 193. De esta forma, las partes pueden conducirse en el pleito sobre directrices judiciales confiables y certeras. *Núñez Borges v. Pauneto Rivera,* 130 DPR 749, 754 (1992).

En virtud de esta doctrina, es la norma que los planteamientos que han sido adjudicados en el ámbito judicial, a través de un dictamen firme, constituyen la ley del caso y, por eso, sus determinaciones y asuntos decididos obligan tanto al tribunal inferior, como al que las dictó, impidiendo que puedan ser reexaminados. *Rosso Descartes v. BGF,* supra; *Mgmt. Adm. Servs. Corp. v. E.L.A.,* 152 DPR 599, 606-607 (2000).

Ahora bien, la doctrina de la ley del caso no representa un mandato invariable o inflexible, recoge una costumbre: que se respeten como finales las controversias sometidas, litigadas y decididas por un tribunal dentro de una causa. *Núñez Borges v. Pauneto Rivera,* supra. De la mano con esto, esta doctrina representa una sana práctica judicial, no una regla inviolable. *Torres Cruz v. Municipio de San Juan*, 103 DPR 217, 222 (1975);

---

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

***Don Quixote Hotel v. Tribunal Superior***, 100 DPR 19, 30 (1971). Así, si un tribunal entiende que la ley del caso antes establecida es errónea y puede causar una grave injusticia, puede aplicar una norma de derecho distinta, en aras de resolver justamente. ***Don Quixote Hotel v. Tribunal Superior***, supra. Empero, una determinación emitida por un tribunal previamente no debe alterarse, **a menos que** surja del expediente una variación de hechos del caso o un estado de derecho particular. ***Rosso Descartes v. BGF,*** supra, pág. 192-193; ***Mgmt. Adm. Servs. Corp. v. E.L.A.,*** supra, pág. 607. Cónsono con esto último, la doctrina de la ley del caso no es férrea, ni de aplicación absoluta, si conduce a resultados manifiestamente injustos. ***Mgmt. Adm. Servs. Corp. v. E.L.A.,*** supra, pág. 608, (citando a ***Noriega v. Gobernador***, 130 DPR 919, 931 (1992)).

**IV.**

En el presente recurso, el matrimonio Miranda-Acevedo nos solicita que revoquemos una *Orden de lanzamiento* en la que el TPI declaró Ha Lugar una *Solicitud de orden de lanzamiento* presentada por la Cooperativa. Los peticionarios plantearon que erró el foro primario al emitir dicho dictamen porque, según alegaron, hubo falta de parte indispensable en el proceso de subasta y en el proceso para el expediente de dominio.

Por su parte, la Cooperativa arguyó que en el caso de marras aplica la doctrina de Ley del caso porque ya un panel hermano de este Tribunal de Apelaciones atendió los mismos planteamientos en el caso con el alfanumérico KLCE202100500.

Tras un análisis objetivo, sereno y cuidadoso del expediente, en correcta práctica adjudicativa apelativa, a la luz de los criterios esbozados en la Regla 52.1 de Procedimiento Civil, *supra*, y en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, resolvemos que corresponde abstenernos de ejercer nuestra función

revisora y rechazar intervenir con la determinación del TPI. Un examen sosegado del expediente del caso y de la determinación recurrida, no arroja error alguno que amerite nuestra intervención. De la determinación recurrida no surge que el TPI haya incurrido en error, perjuicio, parcialidad o que haya abusado de su discreción.

La determinación recurrida es esencialmente correcta en derecho, toda vez que la controversia aducida por el peticionario fue resuelta previamente por el foro primario y por un panel hermano de este Tribunal de Apelaciones antes de emitirse la orden recurrida.

Cabe destacar que no es la primera vez que los peticionarios plantean la nulidad del procedimiento de subasta por presunta falta de partes indispensables. Según lo consignado en la *Resolución* que atendió dicho recurso por un panel hermano de este Tribunal de Apelaciones en el caso con el alfanumérico KLCE202100213, el 21 de enero de 2021, el TPI llevó a cabo una vista en la cual las partes tuvieron la oportunidad de argumentar con relación a si la notificación de la subasta cumplió o no con lo dispuesto en la Regla 51.7 de Procedimiento Civil, *supra*. Allí, el TPI sostuvo su determinación denegando la solicitud del matrimonio Miranda-Acevedo para que se dejara sin efecto la subasta celebrada.

En virtud de lo anterior, resolvemos denegar la expedición del auto de *Certiorari*.

**V.**

Por los fundamentos anteriormente pormenorizados, se deniega la expedición del auto de *Certiorari* solicitado.

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones