Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| ÁNGEL A. AREIZAGA SOTO<br><br>Parte Recurrida<br><br>v.<br><br>MAPFRE PRAICO INSURANCE COMPANY<br><br>Parte Peticionaria | TA2025CE00044 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm. SJ2022CV07695<br><br>Sobre: Seguros |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Rodríguez Flores y el Juez Cruz Hiraldo

**SENTENCIA**

En San Juan, Puerto Rico, a 9 de diciembre de 2025.

Comparece la parte peticionaria, Mapfre Praico Insurance Company (en adelante, MAPFRE), solicita que revoquemos dos (2) *Órdenes* emitidas por el del Tribunal de Primera Instancia, Sala de San Juan (en adelante, TPI o foro primario) notificadas el 28 de mayo de 2025, en la que permitió al señor Ángel Areizaga Soto (en adelante, señor Areizaga o recurrido) enmendar la demanda del caso de autos. Además, el referido foro denegó la moción en cumplimiento y satisfacción de sentencia de MAPFRE, de la cual este intentó asignarle representación legal al señor Areizaga.

Oportunamente la parte recurrida, señor Ángel Areizaga Soto, presentó su oposición al recurso.

Los hechos procesales esenciales para atender y resolver este recurso son los siguientes:

**I**

El señor Areizaga demandó a MAPFRE porque esta denegó darle defensa y cubierta en un pleito de daños y perjuicios

presentado en el Tribunal Superior de Bayamón.[1] Este pleito subyacente es una demanda de daños y perjuicios extracontractuales incoada por Saleem Josephs y su esposa en contra del señor Areizaga y su compañera. Se trata del caso civil BY2021CV02085. En la Demanda Enmendada del señor Areizaga en contra de MAPFRE, este solicitó solamente el cumplimiento específico del contrato de seguro. En específico, reclamó que MAPFRE asumiese los gastos y honorarios incurridos por su defensa y representación legal en el referido pleito.[2] A esos efectos, el recurrido solicitó, entre otras cosas, lo siguiente:

> 18. A base de todo lo anterior, el demandante tiene derecho, y así lo solicita de este Honorable Tribunal, a que se ordene a la parte demandada a proveerle defensa en el pleito en el cual él es demandado ante la Sala de Bayamón.
>
> 19. MAPFRE ha sido además temeraria al forzar al demandante en tener que presentar este pleito, por lo que procede la imposición de gastos y honorarios de abogados incurridos por el demandante en la radicación de esta demanda.
>
> POR TODO LO CUAL, respetuosamente se solicita se dicte sentencia ordenando a MAPFRE a proveer defensa al demandante, según arriba relacionado, y se imponga a su vez el pago de costas, gastos y honorarios de abogados incurridos por el demandante en la radicación de esta demanda.[3]

Así las cosas, el TPI dictó *Sentencia Sumaria* el 15 de mayo de 2023 a favor de MAPFRE y desestimó la demanda enmendada por entender que no existía deber de cubierta y defensa bajo la póliza de seguro.[4] Sin embargo, el Tribunal de Apelaciones, revocó y dictó Sentencia a favor del señor Areizaga para compeler a MAPFRE a proveerle defensa y cubierta.[5] El Tribunal Supremo no expidió el auto de *Certiorari*, por lo que la Sentencia Apelativa se tornó firme e inapelable. Recibido el mandato, el TPI dictó una orden el 23 de enero de 2025, en la que expresó específicamente que este Tribunal

---

[1] Entrada #1 del Sistema Unificado de Manejo y Administración de Casos (SUMAC).

[2] Entrada #9 de SUMAC.

[3] Íd., pág. 4.

[4] Entrada #29 de SUMAC.

[5] Entrada #35 de SUMAC.

de Apelaciones "adjudicó de manera final, firme e inapelable que MAPFRE venía obligada a responder en dicha póliza y darle cubierta [al Demandante] según sus propias cláusulas."[6]

El mismo día de emitida la referida *Orden*, MAPFRE presentó una moción en cumplimiento y satisfacción con la Sentencia Apelativa e indicó que estaba asignando un abogado listo para representar al señor Areizaga.[7] No obstante, el recurrido se opuso e indicó que rechazaba la nueva asignación de representación legal debido a la etapa avanzada del pleito subyacente presentado por el matrimonio Josephs en el Tribunal Superior de Bayamón.[8] En consecuencia, el foro primario denegó la moción de MAPFRE.[9]

Por consiguiente, las partes cumplieron con lo ordenado e informaron conjuntamente, entre otras cosas, que el señor Areizaga se prestaba a enmendar sus alegaciones para acumular una causa de acción de daños y perjuicios, mientras que MAPFRE adelantó que el TPI carecía de jurisdicción para hacerlo y que el único trámite pendiente era el cumplimiento o la ejecución de la Sentencia Apelativa. Luego que se solicitara permiso para presentar una segunda demanda enmendada, MAPFRE se opuso y el señor Areizaga replicó.[10] Asimismo, MAPFRE presentó *Moción de Reconsideración* y el señor Areizaga se opuso.[11]

Así las cosas, el foro primario celebró una vista argumentativa.[12] Analizadas las dos posiciones, el referido foro permitió la *Segunda Demanda Enmendada* del señor Areizaga y denegó la *Moción de Reconsideración* de MAPFRE.[13]

---

[6] Entrada #37 de SUMAC.
[7] Entrada #38 de SUMAC.
[8] Entrada #42 de SUMAC.
[9] Entrada #44 de SUMAC.
[10] Entradas #48, 50 y 51 de SUMAC.
[11] Entradas #47 y 49 de SUMAC.
[12] Entrada #57 de SUMAC.
[13] Entradas #53 y 54 de SUMAC.

Inconforme con el proceder del TPI, el peticionario presentó el recurso ante nos en el cual alega los siguientes errores:

PRIMER ERROR: El Tribunal de Primera Instancia erró al aceptar una segunda demanda enmendada después de tornarse firme la Sentencia Apelativa que dispuso y concedió la única causa de acción del pleito. Esta causa de acción se limitó a exigirle a MAPFRE que cumpliera con su deber de cubierta y defensa según la póliza de seguro expedida al Sr. Ángel Areizaga.

SEGUNDO ERROR: El Tribunal de Primera Instancia erró al decidir que la asignación de nueva representación legal a Areizaga no cumplía con la Sentencia Apelativa.

## II

### A. El certiorari

El Tribunal Supremo de Puerto Rico estableció los criterios para la expedición de un certiorari en *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023). Nuestro máximo intérprete de la ley local, definió el certiorari como un mecanismo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones del tribunal recurrido. La opinión ratifica lo previamente expresado en *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *Mc Neil Healthcare v. Mun. de Las Piedras I,* 206 DPR 391, 403 (2021); *800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020). La característica principal del certiorari es la discreción que tiene el tribunal para atenderlo. Ahora bien, la discreción no es irrestricta, esta ha sido definida reiteradamente como una forma de razonabilidad aplicada al discernimiento judicial. Su ejercicio persigue el objetivo de llegar a una conclusión justiciera. *Rivera et al. v. Arcos Dorados et al.,* supra, pág. 210.

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, establece los preceptos que rigen la discreción del Tribunal de Apelaciones para expedir un recurso de certiorari. Según lo establecido en la Regla 52.1 el recurso de certiorari solamente será expedido:

....

[P]ara revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

A fin de que el Tribunal de Apelaciones pueda ejercer su discreción prudentemente, la Regla 40 de su reglamento, 4 LPRA Ap. XXII-B, establece los criterios que debería considerar para determinar si procede la expedición de un auto de certiorari. El texto de la regla citada es el siguiente.

El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:

A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
B) Si la situación de los hechos planteada es la más indicada para analizar el problema.
C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.
D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.
E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El permitir recurrir de diversas resoluciones no abona al desenvolvimiento lógico y funcional de los casos, porque interrumpe

la marcha ordenada del proceso litigioso. *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 730 (2016). La denegatoria a expedir un auto de certiorari no constituye una adjudicación en los méritos. Por el contrario, es el ejercicio discrecional que hace el foro apelativo intermedio para no intervenir a destiempo con el trámite pautado por el tribunal de instancia. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 98 (2008).

### III

Cualquier parte podrá enmendar sus alegaciones en cualquier momento antes de habérsele notificado una alegación responsiva. Si su alegación es de las que no admiten alegación responsiva y el pleito no ha sido señalado para juicio, podrá de igual modo enmendarla en cualquier fecha dentro de los veinte (20) días de haber notificado su alegación. **En cualquier otro caso, las partes podrán enmendar su alegación únicamente con el permiso del tribunal o mediante el consentimiento por escrito de la parte contraria; el permiso se concederá liberalmente cuando la justicia así lo requiera.** La solicitud de autorización para enmendar las alegaciones deberá estar acompañada de la alegación enmendada en su totalidad. Una parte notificará su contestación a una alegación enmendada dentro del tiempo que le reste para contestar la alegación original o dentro de veinte (20) días de haberle sido notificada la alegación enmendada, cualquiera de estos plazos que sea más largo, a menos que el tribunal lo ordene de otro modo. 32 LPRA Ap. V, regla 13.1.

La concesión de una solicitud para enmendar las alegaciones es una petición sujeta a la discreción del foro judicial quien concederá las solicitudes liberalmente. No obstante, dicha discreción no es irrestricta, sino que se guiara por los criterios rectores siguientes: (1) el impacto del tiempo transcurrido previo a la enmienda, (2) la razón de la demora, (3) el perjuicio a la otra parte,

y (4) la procedencia de la enmienda solicitada. *León Torres v. Rivera Lebrón,* 204 DPR 20, 36 (2020); *Colón Rivera v. Wyeth Pharm*, 184 DPR 184, 197-199 (2012); *S.L.G Font Bardón v. Mini-Warehouse*, 179 DPR 322, 334 (2010).

En *Colón Rivera v. Wyeth Pharm,* supra, el Tribunal Supremo de Puerto Rico explicó que la regla 13.1 de Procedimiento Civil, en adelante la regla 13.1, permite a las partes en un pleito enmendar sus alegaciones para incluir cuestiones omitidas o para clarificar reclamaciones. Además, señaló que la regla 13.1 también permite la presentación de enmiendas en dos (2) circunstancias particulares, estas son:

1) en cualquier momento antes de que se le haya notificado una alegación responsiva o en cualquier momento dentro de los veinte (20) días de haber notificado su alegación, si su alegación no admite alegación responsiva.

2) en cualquier otra circunstancia, pero únicamente con el permiso del tribunal o con la anuencia de la parte contraria.

Ahora bien, como señalamos anteriormente la discreción del tribunal es amplia, incluso en etapas adelantadas del proceso, pero no es irrestricta. Solo ante un perjuicio manifiesto a la parte contraria o un claro abuso de discreción al autorizar la enmienda procede la revocación de la determinación del juez. *S.L.G. Font Bardón v. Mini-Warehouse,* supra, pág. 334; *Neca Mortg. Corp. v. A & W Dev. S.E.,* 137 DPR 860, 868 (1995). Incluso se argumenta que cuando la enmienda a la demanda propuesta se presenta en una etapa tardía o es un ejercicio en futilidad o no sirve un propósito legítimo, no debe admitirse. Cuevas Segarra, José A., Tratado de Derecho Procesal Civil, 2da Edición, Tomo II, pág.593

Ahora bien, ha de quedar claro que el transcurso del tiempo por si solo no obliga a los tribunales a negar el permiso para enmendar la demanda. *Colón Rivera v. Wyeth Pharm,* supra, pág. 199*; S.L.G. Font Bardón v. Mini-Warehouse, supra.* Se tienen que tomar en consideración los otros factores, entre los cuales [e]l factor que resulta de mayor relevancia al momento de evaluar una solicitud de autorización para enmendar las alegaciones es el perjuicio que puede causarse a la parte contraria. *S.L.G. Font Bardón v. Mini-Warehouse,* supra, pág. 335; *Consejo Titulares Cond. Plaza del Mar y. Jetter,* 169 DPR 643, 666 (2006).

A tales efectos, el tratadista Cuevas Segarra señala que "cuando la propuesta enmienda altera radicalmente el alcance y naturaleza del caso, con un consecuencial cambio, convirtiendo la controversia inicial en tangencial, el permiso debe ser denegado, pero ello no significa que no se puedan adicionar nuevas teorías o nuevas reclamaciones". Cuevas Segarra, *op. cit.*, T. II, pág. 594.

En fin, independientemente de la etapa en que se presente la propuesta enmienda o que se incluyan en esta nuevas teorías o reclamaciones, el criterio rector a ponderar con especial énfasis es el perjuicio que dicha enmienda podría causarle a la otra parte. *Colon v. Wyeth Pharm,* supra, pág. 200; *S.L.G. Sierra v. Rodríguez,* supra, pág. 749; *Romero v. S.L.G. Reyes*, supra, pág. 731; *Torres Cruz v. Municipio de San Juan,* 103 DPR 217, 220 (esc.1 (1975). Si bien no hay una definición categórica de lo que constituye un perjuicio indebido, se han identificado situaciones que no constituyen perjuicio indebido tales como:

a) un mero cambio de teoría en las alegaciones no constituye un perjuicio indebido. *S.L.G. Font Bardón v. Mini-Warehouse,* supra, pág. 336.
b) el tiempo transcurrido entre la presentación de la alegación original y la enmienda propuesta, por sí solo. Colon v. Wyeth Pharm, supra, pág. 200; *S.L.G. Sierra v. Rodríguez,* supra, pág. 749.

**IV**

Mapfre nos solicita que revisemos las dos (2) *Órdenes* emitidas por el foro primario en la que permitió la *Segunda Demanda Enmendada* del recurrido y denegó la *Moción de Reconsideración* que ellos instaron. La Regla 52.1, *supra,* autoriza nuestra intervención debido a que la parte peticionaria solicita que revisemos la denegatoria a una moción de carácter dispositivo. Es necesario que intervengamos en este momento para corregir un error de derecho cometido por el foro primario.

La Sentencia previa emitida por este foro el 27 de junio de 2024, identificada como KLAN202300538, concedió el remedio que el señor Areizaga había solicitado en su demanda contra MAPFRE.[14] La Sentencia emitida ordenaba a MAPFRE a proveer defensa y cubierta al señor Areizaga en el pleito subyacente con su vecino. Dicho dictamen constituyó una determinación final que resolvió el caso en sus méritos quedando pendiente únicamente, la ejecución de la sentencia, es decir, que MAPFRE proveyera defensa legal y cubierta al señor Areizaga en el pleito con sus vecinos, el matrimonio Josephs. El TPI no contaba con discreción que no fuera para asegurarse que MAPFRE le proveyera defensa legal y en su día, de proceder cubierta ante la reclamación de los vecinos.  El primer error fue cometido.

En cuanto al segundo señalamiento de error, reconocemos que el señor Areizaga tiene el derecho de seleccionar su representación legal y así decidió.  No obstante, la solicitud de su demanda era que se le proveyera defensa legal y este foro así lo entendió prudente. Habiendo MAPFRE puesto a disposición del señor Areizaga la representación legal, la sentencia se considera cumplida independientemente de que este último, en el momento

---

[14] Dicha Sentencia fue apelada ante el Tribunal Supremo mediante el caso Núm. CC-2024-0512 quien el 11 de octubre del mismo año se negó a expedir el recurso.

procesal especifico prefiriera rechazar la misma. Por lo que el segundo señalamiento de error también fue cometido.

Por último, la enmienda a la Demanda para añadir una nueva causa de acción, permitida por el TPI, es en extremo tardía y no debe permitirse. El señor Areizaga conocía los elementos de dicha causa de acción desde que radicó la Demanda original y sin embargo se cruzó de brazos hasta que este foro emitiese una Sentencia que se convirtió en final y firme, para entonces solicitar una enmienda que añadía una nueva causa de acción.

**V**

Por las razones antes expresadas, se *expide* el Auto de Certiorari y se *revocan* los dictámenes recurridos.

Notifíquese.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Grana Martinez disiente por entender que el foro primario ostenta vasta discreción para permitir la enmienda a una Demanda. El criterio rector al conceder la misma no es el tiempo transcurrido sino el perjuicio que causaría en MAPFRE. Perjuicio que no se ha discutido en el recurso ante nuestra consideración. Nótese que la doctrina no concede gran peso, al tiempo transcurrido, por sí solo. En contrario, el criterio rector es el perjuicio que causaría a la otra parte, asunto sobre el cual MAPFRE no se ha expresado. Por lo que hubiese denegado el recurso.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones