| | | |
|---|---|---|
| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL ESPECIAL 2025-66 | | |
| WALTER GARCÍA SÁNCHEZ Y KEYLA NAZARIO DELGADO<br><br>Demandantes Apelantes<br><br><br>v.<br><br><br>RYDER MEMORIAL HOSPITAL<br><br>Demandada Apelada | TA2025AP00490 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Humacao<br><br>Civil Núm.:<br>HU2024CV00206<br><br>Sobre:<br>Constitución de Puerto Rico, Daños y Perjuicios, Hostigamiento Laboral, Discrimen en el Empleo, Sentencia Declaratoria, Ley Núm. 100 de 30 de junio de 1959, Ley Núm. 16 de 5 de agosto de 1975, Ley 284-1999, "Ley contra el Acecho en Puerto Rico", Título VII de la Ley de Derechos Civiles de 1964; EMTALA |

Panel especial integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa, la Jueza Díaz Rivera y el Juez Sánchez Báez.

Candelaria Rosa, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 20 de enero de 2026.

Comparecen el señor Walter García Sánchez y la señora Keyla Nazario Delgado (conjuntamente "apelantes") mediante recurso de apelación y solicitan que revoquemos la *Sentencia* del Tribunal de Primera Instancia, Sala Superior de Humacao, emitida el 24 de septiembre de 2025; además, que paralicemos los procedimientos judiciales en esa sala hasta tanto el Tribunal Supremo resuelva el caso CC20250132. Por los fundamentos que expresaremos, revocamos la *Sentencia* recurrida.

Según el expediente, y en lo pertinente al presente caso, el señor García Sánchez sufrió una herida grave mientras trabaja en su puesto de chofer de equipo pesado de la División de Ornato y Conservación del Municipio Autónomo de Humacao. Por la herida que sufrió en su ojo izquierdo, el señor García Sánchez fue transportado a Ryder Memorial, el cual coordinó el traslado del paciente al Hospital Industrial por tratar de un accidente laboral.

A razón de lo acontecido, los apelantes presentaron una demanda contra Ryder Memorial y otros codemandados. Luego de Ryder Memorial responder a la demanda, los otros codemandados comenzaron a solicitar la desestimación de la demanda contra ellos, a los cuales el Tribunal de Primera Instancia dictó cuatro (4) sentencias parciales separadas para desestimar. A consecuencia de esto último, los apelantes recurrieron ante los foros apelativos.

En lo que nos incumbe, el 13 de noviembre de 2024, Ryder Memorial solicitó la desestimación de la demanda por falta de prueba esencial para establecer las alegaciones contra éste. Por su parte, la apelante solicitó la paralización de los procedimientos. En torno a esto último, el Tribunal apelado, mediante *Orden*, denegó la petición y posteriormente resolvió sin lugar la moción de reconsideración de la parte apelante. Pasado el término reglamentario para que los apelantes recurrieran ante el Tribunal de Apelaciones, dicha *Orden* advino final y firme.

Posteriormente, Ryder Memorial presentó una segunda solicitud de desestimación el 2 de junio de 2025, ante la cual el foro apelado ordenó contestación. Por la falta de respuesta, el 4 de septiembre de 2025, el Tribunal ordenó a los apelantes a responder a dicha segunda

solicitud de desestimación dentro de quince (15) días, so pena de desestimar. Aún sin contestación alguna, el 24 de septiembre de 2025, Ryder Memorial presentó una tercera solicitud de desestimación. Sin embargo, por los apelantes nunca haber respondido las *Órdenes* del 2 de junio de 2025 y 4 de septiembre de 2025, el 24 de septiembre de 2025, el Tribunal recurrido desestimó sin perjuicio la demanda contra Ryder Memorial al amparo de la Regla 39.2(a) de Procedimiento Civil de 2009 (32 LPRA Ap. V). Ante la moción de reconsideración de los apelantes, el Tribunal recurrido resolvió sin lugar.

Insatisfechos, los apelantes recurren ante este Tribunal y alegan que el foro de Primera Instancia erró al (1) desestimar sin perjuicio la demanda contra Ryder Memorial, pese a hallarse vigente un alegato ante el Tribunal Supremo; y (2) desestimar la demanda de conformidad con la Regla 39.2(a) de Procedimiento Civil, *supra*, cuando el caso no presenta las circunstancias que avalen la aplicación de dicha regla. Presentada la oposición del apelado, procedemos a resolver el presente caso.

En lo atinente a la controversia ante nosotros, cuando el demandante deje de cumplir con cualquier orden del tribunal, dicho foro, a iniciativa propia o a solicitud de la parte demandada, podrá decretar la desestimación de un pleito o de cualquier reclamación contra el demandado. Regla 39.2(a) de Procedimiento Civil, *supra*. De tratarse de un primer incumplimiento, la sanción de la desestimación solamente procederá después que el tribunal, en primer término, haya apercibido al abogado de la parte de la situación y se le haya concedido la oportunidad para responder. Íd. No obstante, del abogado no responder a tal apercibimiento, el tribunal procederá a imponer sanciones a dicho

abogado y se notificará directamente a la parte sobre la situación. Íd. Es cuando la parte haya sido informada de las consecuencias que pueda tener el que ésta no sea corregida, que el tribunal podrá ordenar la desestimación del pleito, toda vez que el tribunal conceda a dicha parte un término de tiempo razonable para corregir la situación, que en ningún caso será menor de treinta (30) días, excepto si las circunstancias del caso justifiquen su reducción. Íd.

Por otro lado, nuestro ordenamiento considera como ley del caso todo derecho y obligación que ha sido objeto de adjudicación y dictamen firme en el ámbito judicial. *Berkan et al. v. Mead Johnson Nutrition*, 204 DPR 183 (2020) (citando a *Cacho Pérez v. Hatton Gotay y otros*, 195 DPR 1 (2016); *Mgmt. Adm. Servs. Corp. v. ELA*, 152 DPR 599 (2000)). Mediante esta doctrina, los tribunales evitarán rexaminar asuntos ya considerados dentro de un mismo caso para velar por el trámite ordenado y expedido de los litigios, más promover la estabilidad y certeza del derecho. Íd. (citando a *Mgmt. Adm. Servs. Corp. v. ELA*, *supra*; *Núñez Borges v. Pauneto Rivera*, 130 DPR 749 (1992); *Torres Cruz v. Municipio de San Juan*, 103 DPR 217 (1975)). A manera de excepción, la doctrina de la ley del caso no aplicará cuando el caso regresa para la evaluación y consideración del tribunal y este entiende que sus determinaciones previas fueron erróneas y podrían causar una grave injusticia. Íd. (citando a *Cacho Pérez v. Hatton Gotay y otros*, *supra*; *Noriega v. Gobernador*, 130 DPR 919 (1992)).

En el presente caso, el Tribunal de Primera Instancia erró al desestimar la demanda contra Ryder al sin haber cumplido con los requisitos expuestos en la Regla 39.2 de Procedimiento Civil, *supra*. Del expediente se desprende que el Tribunal recurrido no le apercibió,

en primera instancia al abogado, sobre las consecuencias desestimadoras de su inacción, al igual que no notificó directamente a los apelantes sobre dicha inacción y sus consecuencias. Por tanto, el Tribunal recurrido debe cumplir con todos los criterios de la Regla 39.2 de Procedimiento Civil antes de imponer la sanción severa de la desestimación contra los apelantes, de estos no cumplir con las órdenes debidamente notificadas.

En cuanto a la solicitud para paralizar los procedimientos en el Tribunal de Primera Instancia, los apelantes tuvieron la oportunidad de recurrir ante este Tribunal para que evaluáramos la *Orden* del 2 de enero de 2025 del Tribunal apelado. Al no ocurrir esto, dicha *Orden* advino final y firme y, consecuentemente, se convirtió en la ley del caso.

Por los fundamentos expresados, revocamos la *Sentencia* recurrida y devolvemos el caso al Tribunal de Primera Instancia para la continuación de los procedimientos.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones