Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL 2026-6 (OATA-2026-009)[1]

| | | |
|---|---|---|
| AIRPORT SHOPPES, CORP.; AIRPORT CATERING SERVICES, CORP.<br><br>Recurrida<br><br>v.<br><br>AEROSTAR AIRPORT HOLDINGS, LLC<br><br>Peticionaria | TA2025CE00952 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Civil Núm.: CA2021CV01102<br><br>Sobre: Sentencia Declaratoria; Incumplimiento de Contrato; Ley de Monopolios; Cobro de Dinero; Daños |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto y el Juez Campos Pérez.

Candelaria Rosa, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 29 de enero de 2026.

Comparece Aerostar Airport Holdings, LLC vía *certiorari* y solicita que revoquemos la *Resolución* del Tribunal de Primera Instancia, Sala Superior de Carolina, emitida el 29 de octubre de 2025. En dicho dictamen, se resolvió sin lugar la solicitud de sentencia sumaria presentada por la peticionaria. Por los fundamentos que expresaremos, denegamos expedir el auto de *certiorari*.

En síntesis, y en lo pertinente a nuestra determinación, el 8 de abril de 2022, Aiport Shoppes, Corp y Airport Catering Services, Corp. presentaron una demanda enmendada contra Aerostar por, en lo que nos es atinente, (1) sentencia declaratoria sobre una variedad de temas con relación a las obligaciones contractuales de la peticionaria; (2)

[1] Mediante la Orden Administrativa OATA-2026-009, emitida el 26 de enero de 2026, y debido a la inhibición de la Hon. María Z. Trigo Ferraiuoli, se modificó la integración del Panel.

incumplimiento contractual a favor de tercero; (3) sentencia declaratoria al amparo de la doctrina de *Rebus Sic Stantibus*; (4) reclamación bajo la Ley Núm. 77 de 25 de junio de 1964 (10 LPRA sec. *257 et seq.*) y (5) daños por acciones de competencia desleal y represalias contra Shoppes. Luego de varios trámites procesales, el Tribunal de Primera Instancia desestimó la segunda, tercera y cuarta causa de acción.

Eventualmente, Shoppes y Catering presentaron una *Moción de Sentencia Sumaria Parcial*, mediante la cual solicitaron que se dictara sentencia sumaria con relación a la solicitud de sentencia declaratoria de la demanda enmendada. En oposición, Aerostar solicitó la desestimación de la moción antes referida para que se diluciden las controversias restantes en un juicio plenario. En una *Resolución* emitida el 24 de octubre de 2024, el Tribunal recurrido determinó que hay controversias que no son susceptibles de adjudicación mediante el mecanismo de sentencia sumaria, esto es, el Tribunal no contaba con la verdad sobre todos los hechos necesarios para resolver la controversia. Por tanto, el Tribunal recurrido dispuso que el caso deberá resolverse mediante la celebración de una vista en su fondo, en la cual ambas partes tendrán la oportunidad de argumentar sus respectivas posturas.

Emitida esta *Resolución*, los recurridos solicitaron reconsideración. En su oposición, Aerostar insistió que se requería un juicio en su fondo para dilucidar, por lo menos, un asunto interpretativo de las obligaciones contractuales en controversia. Examinados los argumentos de ambas partes, el Tribunal recurrido resolvió sin lugar a la solicitud de reconsideración.

No obstante, lo anterio, el 30 de enero de 2025, Aerostar presentó una *Solicitud de Sentencia Sumaria por Insuficiencia de Prueba* solicitando que se dicte sentencia sumariamente, desestimando a su favor y en su totalidad el pleito, sobre el argumento de que la parte demandante no cuenta con evidencia suficiente para probar los hechos en controversia. En particular, aludió a que esta segunda solicitud de sentencia sumaria se presentó luego de culminar el descubrimiento de prueba, la cual incluyó el intercambio de miles de documentos. Por su parte, el 19 de febrero de 2025, Shoppes y Catering se opusieron a dicha solicitud, toda vez que no solamente cuentan con la evidencia suficiente para proseguir con su causa de acción, sino también el caso exige que se celebre un juicio para dirimir los hechos materiales en controversia.

El 29 de octubre de 2025, mediante *Resolución*, el Tribunal recurrido determinó sin lugar a la moción de sentencia sumaria de la peticionaria, ya que los hechos materiales controvertidos establecidos en la *Resolución* del 24 de octubre de 2024 continúan así controvertidos, al igual que otros hechos añadidos en la posterior *Resolución*. Ante la moción de reconsideración de Aerostar, dicho foro resolvió sin lugar.

Insatisfecho, la peticionaria recurre ante este Tribunal y alega que el Tribunal de Primera Instancia erró al determinar que procede la celebración de un juicio plenario para dilucidar la causa de acción de sentencia declaratoria, toda vez que la parte recurrida no cuenta con prueba para sostener su reclamación. Presentada la oposición de la parte recurrida, resolvemos.

El auto de *certiorari* es el vehículo procesal discrecional y extraordinario mediante el cual un tribunal de mayor jerarquía puede

rectificar errores jurídicos, tanto en el ámbito provisto por la Regla 52.1 de Procedimiento Civil de 2009 (32 LPRA Ap. V), como de conformidad con los criterios dispuestos por la Regla 40 de este Tribunal de Apelaciones, *supra*. Véase, también, *IG Builders v. BBVAPR*, 185 DPR 307 (2012). En tal sentido, la función de un tribunal apelativo frente a la revisión de controversias a través del *certiorari* requiere valorar la actuación del foro de primera instancia y predicar su intervención en si la misma constituyó un abuso de discreción; en ausencia de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde intervenir con las determinaciones del Tribunal de Primera Instancia. *800 Ponce de León v. AIG*, 205 DPR 163 (2020); *Citibank v. ACBI*, 200 DPR 724 (2018).

Vale recordar que el mecanismo procesal de la sentencia sumaria se rige por la Regla 36 de Procedimiento Civil, *supra*, y tiene como finalidad la solución justa, rápida y económica de litigios civiles que no contengan controversias genuinas de hechos materiales. Véase *González Meléndez v. Mun. San Juan et al.*, 212 DPR 601 (2023) (citando a *Segarra Rivera v. Int'l. Shipping et al.,* 208 DPR 964 (2022)). Así, la Regla 36.2 permite que cualquiera de las partes pueda solicitar que se dicte sentencia sumaria sobre la totalidad o sobre cualquier parte de una reclamación. Regla 36.2 de Procedimiento Civil, *supra*. Véase, también, *Torres Pagán et al. v. Mun. de Ponce,* 191 DPR 583 (2014). A su vez, se ha establecido que el peticionario debe establecer su derecho con claridad y demostrar que no existe controversia sustancial sobre algún hecho material, es decir, suficiente para que sea necesario dirimirlo en un juicio plenario. Regla 36.1 de Procedimiento Civil, *supra*; *Oriental Bank v. Caballero García*, 212 DPR 671 (2023)

(citando a *Mun. de Añasco v. ASES et al.*, 188 DPR 307 (2013)). Véase, también, *Ramos Pérez v. Univisión,* 178 DPR 200 (2010) (citando a *Luan Invest. Corp. v. Rexach Const. Co.*, 152 DPR 652 (2000)).

Asimismo, la Regla 36.3(b)(2) de Procedimiento Civil, *supra*, regula la oposición a que se dicte sentencia sumaria, la cual debe citar específicamente los párrafos enumerados que entiende están en controversia y, para cada uno de los que pretende controvertir, detallar la evidencia admisible que sostiene su impugnación con cita a la página o sección pertinente. Como se puede apreciar, el oponente debe controvertir la prueba presentada con evidencia sustancial y no puede simplemente descansar en sus alegaciones. *Roldán Flores v. M. Cuebas et al.*, 199 DPR 664 (2018) (citando a *Rodríguez Méndez et al. v. Laser Eye*, 195 DPR 769 (2016); *Ramos Pérez v. Univisión, supra*). En la medida en que meras afirmaciones no bastan para derrotar una solicitud de sentencia sumaria, la parte opositora debe presentar contradeclaraciones juradas y contradocumentos que pongan en controversia los hechos presentados. Íd.; *Ramos Pérez v. Univisión*, *supra*.

En cuanto al estándar de revisión aplicable, el Tribunal de Apelaciones utilizará los mismos criterios que el Tribunal de Primera Instancia al determinar la correspondencia de la sentencia sumaria, aunque limitado a considerar aquellos documentos presentados en el foro primario y obligado a cumplir con la Regla 36.4 de Procedimiento Civil, *supra*. Debemos, por tanto, examinar *de novo* el expediente y verificar que tanto la moción de sentencia sumaria como su oposición cumplan con los requisitos de forma; luego, revisar si en realidad existen hechos materiales en controversia y, de encontrar que los

hechos materiales realmente están incontrovertidos, revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el derecho. *Meléndez González et al. v. M. Cuebas*, 193 DPR 100 (2015).

Ahora bien, nuestro ordenamiento reconoce las sentencias sumarias por insuficiencia de prueba, la cual procede cuando la parte demandante no cuenta con evidencia suficiente para probar su caso luego de haber tenido amplia oportunidad para realizar un descubrimiento de prueba adecuado. *Ramos Pérez v. Univisión*, 178 DPR 200 (2010) (citando a *Pérez v. El Vocero de PR*, 149 DPR 427 (1999)). Para su aplicabilidad, el promovente deberá demostrar que (1) la vista es innecesaria; (2) el demandante no cuenta con evidencia suficiente para probar algún hecho esencial; y (3) como cuestión de derecho, procede la desestimación de la reclamación. Íd. (citando a *Pérez v. El Vocero de PR*, *supra*). En estas circunstancias, la persona promovida deberá presentar prueba que controvierta o rebata la evidencia afirmativa presentada por el promovente. Íd. (citando a J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, San Juan, Pubs. JTS, 2000, T. I, pág. 618).

De su parte, nuestro ordenamiento considera como ley del caso todo derecho y obligación que ha sido objeto de adjudicación y dictamen firme en el ámbito judicial. *Berkan et al. v. Mead Johnson Nutrition*, 204 DPR 183 (2020) (citando a *Cacho Pérez v. Hatton Gotay y otros*, 195 DPR 1 (2016); *Mgmt. Adm. Servs. Corp. v. ELA*, 152 DPR 599 (2000)). Mediante esta doctrina, los tribunales evitarán rexaminar asuntos ya considerados dentro de un mismo caso para velar por el trámite ordenado y expedido de los litigios, más promover la estabilidad y certeza del derecho. Íd. (citando a *Mgmt. Adm. Servs. Corp. v. ELA*,

*supra*; *Núñez Borges v. Pauneto Rivera*, 130 DPR 749 (1992); *Torres Cruz v. Municipio de San Juan*, 103 DPR 217 (1975)). Dichos asuntos, para que sean considerados como la ley del caso, deberán resolverse en sus méritos, es decir, que se adjudiquen dentro de un dictamen que resuelva la controversia interlocutoria presentada. Véase C.E. Díaz Olivo, *Derecho Procesal Civil*, 76 Rev. Jur. UPR 803 (2007). A manera de excepción, la doctrina de la ley del caso no aplicará cuando el caso regresa para la evaluación y consideración del tribunal y este entiende que sus determinaciones previas fueron erróneas y podrían causar una grave injusticia. Íd. (citando a *Cacho Pérez v. Hatton Gotay y otros*, *supra*; *Noriega v. Gobernador*, 130 DPR 919 (1992)).

En el presente caso, no advertimos que el Tribunal de Primera Instancia haya errado o abusado de su discreción al denegar resolver la controversia de manera sumaria. Del expediente se desprende que el Tribunal recurrido había determinado que ciertos hechos controvertidos requerían su dilucidación mediante juicio plenario. La necesidad de celebrar un juicio en su fondo no solo implica la presentación de cierta evidencia adicional, sino también la oportunidad de las partes para argumentar e interpretar sobre dicha prueba y otras alegaciones. En consideración de la *Resolución* del 24 de octubre de 2024, el Tribunal recurrido determinó de manera firme la importancia del juicio plenario y, luego de agotarse los recursos de reconsideración y nunca haberse recurrido a los foros apelativos, dicha *Resolución* se convirtió en la ley del caso. Ergo, la actuación del Tribunal de Primera Instancia resulto coherente con su manejo del caso y no desborde el ámbito de su discreción.

Por los fundamentos expresados, denegamos expedir el auto de *certiorari*.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones